**Gene Morris DUNN, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Dec. 19, 1985.

Rehearing Denied Feb. 27, 1986.

**875**

Frank W. Heft, Jr., J. David Niehaus, Office of the Jefferson Dist. Public Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Frankfort, C. Lloyd Vest, II, Asst. Atty. Gen., for appellee.

GANT, Justice.

Appellant was convicted of possession of a Schedule II narcotic and sentenced after trial as a first degree persistent felony offender to a term of 20 years. Two issues are presented on this matter of right appeal.

The first error asserted by appellant concerns the exclusion of certain evidence during the trial in chief. This evidence was taken by avowal and related to the participation by appellant, an admitted drug addict, in a program of rehabilitation in Jefferson County, and described the programs and facilities available. The stipulated purpose of this evidence was to permit counsel for appellant to argue to the jury that they should fine the appellant rather than incarcerate him so he might continue in the programs. The statute under which appellant was convicted is KRS 218A.990(7), which provides a penalty range of from one to five years, or a fine of from $3,000 to $5,000, or both, which offense is a Class D felony under KRS 532.020(1)(a).

In considering the alleged error of excluding this evidence, we note that no argument is made, nor can it be, that said prohibition in any way affected the determination of guilt or innocence, but merely that it could have affected the sentence on the original charge. However, appellant herein was sentenced as a persistent felony offender in the first degree with that sentence to be served in lieu of the sentence assigned by the jury on the principal charge. The evidence which was excluded was not offered in mitigation of the persistent felony offender procedure pursuant to KRS 532.080. As we have stated, the felony of which the appellant was convicted was a Class D felony and his resulting sentence as a persistent felony offender

was not affected by the exclusion of this evidence.

The second assignment of error concerns the persistent felony offender portion of the case. Pursuant to the requirement of *Commonwealth v. Gadd*, Ky., 665 S.W.2d 915 (1984), the appellant herein filed a motion to suppress the previous felony convictions which formed the basis of the PFO status of the appellant. We deem it necessary to discuss the procedure to be followed at such hearings, and to clarify the burden of proof necessary for the trial court to properly rule on motions filed pursuant to our opinion in *Gadd*. In researching those jurisdictions which have passed upon the question, we find divergent views, but feel the proper procedure is as follows:

In those cases in which the defendant is indicted as a persistent felony offender and files a proper motion to suppress any evidence of his prior offenses, the burden is on the Commonwealth to prove the judgments of conviction in each of the underlying offenses upon which it intends to rely. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. After the judgments of conviction are introduced, the burden shifts to the defendant to show any infringement of his rights or irregularity of procedure upon which he relies, such as those set out in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or other pertinent cases. If the defendant presents evidence, through his testimony or other affirmative evidence, which refutes the presumption of regularity, the burden then falls to the Commonwealth to prove that the underlying judgments were entered in a manner which did, in fact, protect the rights of the defendant. A silent record simply will not suffice.

Applying this procedure to the case before us, we find that the Commonwealth met its original burden as hereinabove prescribed by introducing the proof of three pleas of guilty to felony charges in 1976, 1973, and 1970, which judgments did show the convictions and further showed that the appellant was represented by counsel on each occasion. Thereafter, the appellant took the stand and testified, under oath of course, that the trial judge had failed to advise him of certain rights prior to the entry of the plea of guilty in the 1976 and 1973 proceedings. No evidence was given to rebut the presumption of regularity in relation to the 1970 conviction. At this juncture, the burden shifted back to the Commonwealth on the two judgments referred to, and the record is totally silent on the issue of whether the trial judge advised him of his rights. However, the Commonwealth cross-examined the appellant concerning the issue, and he readily admitted that he *knew* of the rights about which he contends he was not informed by the court. The evidence further indicated he was satisfied with the manner in which he was represented by counsel. We fail to see any reversible error in the failure of the trial court, if there was such failure, to advise the appellant of rights he admits he already knew existed.

The judgment is affirmed.

All concur.