**Gene M. DUNN, Jr.,**
**Petitioner–Appellee,**

v.

**Ron SIMMONS, Chairman, Parole Board, Corrections Cabinet, and David L. Armstrong, Respondents–Appellants.**

No. 88–5015.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 25, 1988.

Decided June 13, 1989.

Rehearing and Rehearing En Banc
Denied July 31, 1989.

J. David Niehaus, Public Defender (argued), Office of Jefferson Dist. Public Defender, Daniel T. Goyette, Louisville, Ky., for petitioner-appellee.

David A. Sexton, Asst. Atty. Gen. (argued), Frankfort, Ky., for respondents-appellants.

Before RYAN and NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.*

ALAN E. NORRIS, Circuit Judge.

This is an appeal by the state from an order of the district court granting a writ of habeas corpus to petitioner, Gene M. Dunn, Jr. Dunn was found guilty by a Kentucky jury of the substantive offense of possession of a controlled substance, and of being a persistent felony offender (PFO), and these convictions were upheld by the Kentucky Supreme Court. The effect of the district court's order is to relieve Dunn of his conviction as a PFO and its enhanced sentence, but to leave undisturbed his conviction for possession of a controlled substance.

Prior to trial, Dunn sought to have the PFO indictment dismissed, contending that the 1970, 1973, and 1976 convictions upon which that charge was based, should be suppressed. He argued that the prior convictions were based upon invalid guilty pleas, since those pleas were accepted without Dunn having intelligently and voluntarily waived federal constitutional rights to which he was entitled. While expressing concern that he was required to follow case law from Kentucky appellate courts that conflicted with federal standards for determining whether federal rights are validly waived, the state trial judge overruled the motion. The jury then found Dunn guilty of the PFO charge, as well as of the substantive offense.

In his petition for a writ of habeas corpus, Dunn maintained that the Kentucky courts improperly adjudicated the validity of his prior convictions. The district court agreed.

I.

■ The state first contends that the district court erred when it determined that the prior convictions, upon which Dunn's PFO conviction was based, were invalid since the state failed to demonstrate that Dunn intelligently and voluntarily waived his federal constitutional rights when he entered the guilty pleas resulting in those convictions. Specifically, the state argues that the Kentucky Supreme Court has correctly assigned the burdens of evidence production and persuasion in proceedings to determine if federal constitutional rights have been waived in guilty plea proceedings.

Under Kentucky's PFO statute, Ky.Rev. Stat.Ann. § 532.080 (Baldwin 1984), the state's burden in proving the fact of a prior felony conviction is to persuade the jury beyond a reasonable doubt. *Hon v. Kentucky*, 670 S.W.2d 851, 853 (Ky.1984). Resolution of that question of fact is not involved in this appeal; instead, we are reviewing the determination of a question of law initially made by the state trial court after a suppression hearing, affirmed by the Kentucky Supreme Court, and ultimately addressed by the district court upon Dunn's petition for a writ of habeas corpus. That question of law concerns the legal validity of Dunn's prior convictions.

Generally, when courts are called upon to decide this question of law, a prior conviction is being examined in the context of a pretrial motion filed in a PFO prosecu-

* The Honorable Pierce Lively became Senior Circuit Judge on January 1, 1989.

tion, or in a post-conviction inquiry into whether the conviction is invalid. The question is whether the conviction is based upon a guilty plea accepted in the absence of a valid waiver by the accused of the federal constitutional rights he surrendered by pleading guilty.

In *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court noted that, for purposes of establishing that when a state court defendant entered a guilty plea he also waived federal constitutional rights to trial by jury and to confront one's accusers and the privilege against compulsory self-incrimination, the state is required to prove that the plea was intelligent and voluntary. "We cannot presume a waiver of these three important federal rights from a silent record." *Id.* at 243, 89 S.Ct. at 1712. Where the waiver is subsequently challenged, the state normally will attempt to demonstrate its effectiveness by introducing a transcript of the proceedings surrounding the trial court's acceptance of the guilty plea, and other trial court records. Where the records leave doubt as to whether the plea was in fact intelligent and voluntary, the state may look to evidence extrinsic to the court records, such as the recollection of those attending the plea proceedings. However, in the face of a record which is inadequate to demonstrate the regularity of proceedings at the time of a guilty plea's acceptance, the state must make a clear and convincing showing with this extrinsic evidence that the plea was in fact intelligently and voluntarily entered. *Roddy v. Black,* 516 F.2d 1380, 1384 (6th Cir.), *cert. denied,* 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975). We have imposed this extraordinary standard of persuasion in view of misgivings inherent in "collateral proceedings that seek to probe murky memories," a problem not present where the contemporary record demonstrates a valid waiver. *Boykin,* 395 U.S. at 244, 89 S.Ct. at 1712.

Federal law governs the appropriate standards for determining whether a plea of guilty is intelligent and voluntary for purposes of the United States Constitu-

tion. *Marshall v. Lonberger,* 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983); *Boykin,* 395 U.S. at 243, 89 S.Ct. at 1712. Because the circumstances surrounding the acceptance of a guilty plea necessarily must be examined, federal standards control the limited fact-finding role required of the court in arriving at a determination of this question of law. In view of *Boykin* and *Roddy,* we conclude that among those standards must be counted these: Where the record from the trial court is inadequate to affirmatively demonstrate that the plea was intelligent and voluntary, the state may not utilize a presumption to satisfy its burden of persuasion. And, where it seeks to satisfy that burden by supplementing an incomplete contemporaneous record with extrinsic evidence, that evidence must be clear and convincing.

In the course of its opinion affirming Dunn's convictions, the Kentucky Supreme Court set out its view of the methodology a state trial court should employ in determining whether a prior conviction predicated upon a guilty plea is valid under the United States Constitution:

In those cases in which the defendant is indicted as a persistent felony offender and files a proper motion to suppress any evidence of his prior offenses, the burden is on the Commonwealth to prove the judgments of conviction in each of the underlying offenses upon which it intends to rely. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. After the judgments of conviction are introduced, the burden shifts to the defendant to show any infringement of his rights or irregularity of procedure upon which he relies, such as those set out in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or other pertinent cases. If the defendant presents evidence, through his testimony or other affirmative evidence, which refutes the presumption of regularity, the burden then falls to the Commonwealth to prove that the underlying judgments were entered in a manner which did, in fact,

protect the rights of the defendant. A silent record simply will not suffice.

*Dunn v. Kentucky,* 703 S.W.2d 874, 876 (Ky.1985), *cert. denied,* 479 U.S. 832, 107 S.Ct. 121, 93 L.Ed.2d 67 (1986).

Manifestly, this methodology results in a standard different from federal standards for proving a valid waiver of federal constitutional rights. *Dunn* permits the state to carry its burden by utilizing a bare record of a conviction upon a plea of guilty, in conjunction with the time-honored presumption that judicial proceedings have been regularly and legally performed.[1]

Under the *Dunn* procedure, the state retains the burden of persuasion on the ultimate question of intelligent and voluntary waiver. But, once the state establishes the plain record of conviction, the burden of producing evidence shifts to the defendant to show an irregularity in the plea procedure since that unadorned record, bolstered by the presumption, is held by *Dunn* to be sufficient to establish a *prima facie* case that the guilty plea was validly accepted. The defendant is permitted to "refute" this presumption, presumably by evidence that would be sufficient to support a finding that the plea proceedings were inadequate.

Although the *Dunn* procedure ostensibly permits the use of the presumption only to satisfy a burden of production, in reality it may be utilized by the state to carry its ultimate burden of persuasion. That is because, if the defendant offers no rebuttal, the state will prevail; the presumption becomes a substitute for evidence supplementing the conviction record. The practical effect of the *Dunn* procedure, then, is to allow the state to prevail by carrying its burden of persuasion upon the bare record of the fact that a conviction was entered against the defendant. This result ignores the Supreme Court's admonition in *Boykin* against presuming a waiver from a silent record. And, it offends this court's requirement in *Roddy*, since, when the state is said to have made out a bare *prima*

*facie* case, and it has done so only by relying upon a presumption, the state cannot be said to have met its burden of persuasion by supplementing an inadequate record with clear and convincing evidence. In addition, the Dunn procedure does not impose the clear and convincing burden of persuasion in the event the state does utilize extrinsic evidence to supplement the record.

## II.

■ The state also maintains that the district court was bound by findings of fact made by the Kentucky Supreme Court, and erred in not deferring to that factual determination.

No transcript of the plea proceedings leading to the 1970 and 1973 convictions was available at the June 20, 1984 state trial court suppression hearing, but there was a transcript from the 1976 plea hearing. In the 1976 proceeding, the judge elicited positive answers when he asked Dunn only if he understood that by pleading guilty he was waiving his right to trial by jury, and whether he was satisfied with the services of his attorney who represented him on the 1976 charges. At the suppression hearing, Dunn testified that neither in the 1970 nor the 1973 proceedings had he been advised by the trial judge of his rights to trial by jury, to cross-examine witnesses, and to remain silent. Upon cross-examination by the state, Dunn conceded that he had some knowledge "now from the trials I have had" that he was entitled to a jury trial and could cross-examine witnesses, but said he "didn't understand anything" back in 1970 and 1973.

Although the trial judge allowed the convictions to stand, based upon his understanding that Kentucky case law placed upon Dunn the burden of proving that the convictions were invalid, he nevertheless clearly stated his view of the evidence:

> So that there will be no mistake should there be an appeal[,] [i]f the Commonwealth has the burden of establishing the

---

1. This court, in a comment which arguably was not necessary to the resolution of the appeal then before it, recently noted inconsistencies between opinions of the Kentucky Supreme Court and *Boykin.* *Rudolph v. Parke,* 856 F.2d 738, 740 (6th Cir.1988).

constitutional soundness of prior convictions after the Defendant has put them in issue then any conviction based upon the 1970 or 1973 convictions should be reversed. If the Commonwealth's burden is to establish by clear and convincing evidence, then any conviction based upon the 1976 convictions should be reversed.

The Kentucky Supreme Court addressed this same evidence in the context of the procedure it had set out earlier in its opinion:

> [T]he appellant took the stand and testified ... that the trial judge had failed to advise him of certain rights prior to the entry of the plea of guilty in the 1976 and 1973 proceedings. No evidence was given to rebut the presumption of regularity in relation to the 1970 conviction. At this juncture, the burden shifted back to the Commonwealth on the two judgments referred to, and the record is totally silent on the issue of whether the trial judge advised him of his rights. However, the Commonwealth cross-examined the appellant concerning the issue, and he readily admitted that he *knew* of the rights about which he contends he was not informed by the court. The evidence further indicated he was satisfied with the manner in which he was represented by counsel. We fail to see any reversible error in the failure of the trial court, if there was such failure, to advise the appellant of rights he admits he already knew existed.

*Dunn,* 703 S.W.2d at 876.

If the Kentucky Supreme Court's view of the evidence is correct, then it can be argued that the *Dunn* procedure is irrelevant to the resolution of this appeal, since the supreme court concluded that the state carried its ultimate burden of persuasion through evidence supplementing the bare records of conviction.

However, as we have previously noted, where the record of the plea proceedings is incomplete, the federal standard for determining whether a plea of guilty is intelligent and voluntary for purposes of the United States Constitution demands that supplementing evidence be clear and convincing. Although the Kentucky Supreme Court did not specifically address the measure of persuasion it was applying to Dunn's answers on cross-examination, manifestly, it was something less than clear and convincing. By contrast, the state trial judge pointed to the inescapable legal conclusion that must be drawn in view of all the evidence presented to him at the suppression hearing, were he to apply the correct burdens of production and persuasion. Moreover, a federal court is not required to accord to a state court's determination of a factual issue the presumption of correctness required by 28 U.S.C. § 2254(d), where that determination is not fairly supported by the record. 28 U.S.C. § 2254(d)(8). In view of the inconsistencies between the supreme court's recitation of the June 20, 1984 proceedings and what actually occurred at that hearing, the court's characterization of Dunn's testimony upon cross-examination, that "he readily admitted that he *knew* of the rights about which he contends he was not informed by the court," is not fairly supported by the record.

### III.

Because the methodology and standards utilized by the Kentucky Supreme Court do not comply with federal standards for determining whether a plea of guilty is intelligent and voluntary for purposes of the United States Constitution, and the determination of a factual issue by the Kentucky Supreme Court in Dunn's appeal is not entitled to the presumption of correctness and is incorrect as demonstrated by the record in this cause, the order of the district court is affirmed.

RYAN, Circuit Judge (concurring in part; dissenting in part).

Because my colleagues have correctly determined that the State of Kentucky failed to carry its burden of proving that Dunn waived his entitlement to a trial by jury and to confront his accusers, and his privilege against self-incrimination in connection with his 1970, 1973 and 1976 guilty pleas, I concur in the court's decision af-

firming the judgment of the district court. My reasons are limited to those addressed in part II. of my brother's opinion. I respectfully disagree, however, with what is written in part I. and dissent therefrom.

In the first place, what is written in part I. of the court's opinion is dicta and is, therefore, unnecessary to the court's decision. The defendant's conviction was properly vacated by the district court because the transcript of the 1970 guilty plea demonstrates conclusively that the defendant did not knowingly waive his constitutional rights, and the extrinsic evidence that he did so with respect to the 1973 and 1976 convictions is not clear and convincing as required by *Roddy v. Black*, 516 F.2d 1380 (6th Cir.), *cert. denied*, 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975). And these conclusions are inescapable without regard to the Kentucky Supreme Court's requirement that the defendant must introduce some evidence challenging the validity of his prior guilty pleas before the state may be required to assume and carry the burden of proving "that the underlying judgments were entered in a manner which did, in fact, protect the rights of the defendant." *Dunn v. Commonwealth*, 703 S.W. 2d 874, 876 (Ky.1985), *cert. denied*, 479 U.S. 832, 107 S.Ct. 121, 93 L.Ed.2d 67 (1986). Therefore, there is no proper occasion, in my view, to address the constitutional issue raised by Dunn's argument that the Kentucky procedure for challenging the validity of guilty pleas violates the Constitution.

But having chosen to address the point, my colleagues have, in my judgment, decided the matter incorrectly.

The Kentucky Supreme Court's procedure announced in *Dunn* is not invalid under the Federal Constitution or any decisions of this court or of the United States Supreme Court, and certainly it does not contravene the rules announced in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or *Roddy, supra*.

The rules announced in *Boykin* are that the constitutional validity of a plea of guilty requires "an affirmative showing that [the plea of guilty] was intelligent and

voluntary," 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, and that the court will not presume the waiver by the defendant of his right to a trial by jury, to confront his accusers, and the privilege against self-incrimination "from a silent record." The rules of *Roddy v. Black*, 516 F.2d 1380, 1384 (6th Cir.1975), are that

> [t]he state must prove that the defendant's guilty plea was voluntary and intelligent, and to do so it may introduce evidence extrinsic to the transcript of the plea acceptance.

And

> [i]n the face of an inadequate transcript at the time of a guilty plea's acceptance, the state must make a clear and convincing showing that the plea was in fact understandingly entered.[5]

[5] Our views do not differ in substance with the Eight Circuit's statement in *Todd v. Lockhart*, 490 F.2d 626, 627-28 (8th Cir.1974), that allowing evidence at a post-conviction hearing to "cure the otherwise defective plea-taking transcript ... [does] not return to the pre-*Boykin* practice of assuming that a defendant represented by counsel has entered a voluntary and intelligent plea. Rather, [it means] that *once a state prisoner has demonstrated* that the plea taking was not conducted in accordance with *Boykin*, the state may, if it affirmatively proves in a post-conviction hearing that the plea was voluntary and intelligent, obviate the necessity of vacating the plea."

(Emphasis added.)

The *Boykin* and *Roddy* rules, forbidding the inference of a valid waiver of constitutional right from a "silent record" and requiring clear and convincing extrinsic proof of a valid waiver, respectively, are not metaphysical abstractions. They are concerned with the manner and measure of proof by which the state must meet a defendant's claim that his previous guilty plea conviction is invalid, once there is a proper challenge to its validity, and not before. There is no occasion for the State of Kentucky or any state to carry any burden of proof about the validity of guilty pleas that were offered and accepted and reduced to judgment long ago, unless and until a defendant, in a subsequent judicial proceeding, offers a justiciable challenge to the presumed validity of the guilty pleas and the regularity of the judgments memo-

ralizing them. The validity of all guilty plea convictions rest, in the first instance, upon the presumed validity or regularity of the judgment that has been entered upon this acceptance. Surely that presumed validity does not violate the *Boykin* rule against "presum[ing] a waiver of these three important federal rights from a silent record." No one would think for a moment, I should hope, that the presumption of regularity or validity of court proceedings does not extend to the millions of unchallenged guilty pleas, finalized in judgments of conviction, on the books of the thousands of courthouses of all the states of the union and in the federal courts. The Kentucky *Dunn* procedure merely imposes upon a defendant the burden to raise the issue of the validity of a presumptively valid previous guilty plea, to get something moving judicially, by producing some modicum of evidence in support of his claim, failing which his guilty plea continues to be presumed valid. All the Kentucky Supreme Court has required is that if the state is to be put to its proof that a presumptively valid judgment of conviction resting upon a guilty plea is indeed invalid because the defendant did not intelligently and voluntarily waive relevant federal constitutional rights, the defendant must do more than just make a naked claim about the matter. He must initiate a challenge by presenting some evidence "through his testimony or other affirmative evidence." *Dunn, supra.* Under the *Dunn* procedure, once the defendant initiates an *evidentiary* challenge, the presumption of regularity which attaches to all judgments of courts of record vanishes and the state must then undertake to carry its "burden to prove that the underlying judgments were entered in a manner which did in fact protect the rights of the defendant." *Dunn, supra.* The language in the Eighth Circuit's opinion in *Todd v. Lockhart*, 490 F.2d 626, 628 (8th Cir.1974), which this court relied upon and quoted in its *Roddy* opinion, says as much: "once a state prisoner has *demonstrated* that the plea taking was not conducted in accordance with *Boykin*, the state may, if it affirmatively proves in a post-conviction hearing that the

plea was voluntary and intelligent, obviate the necessity of vacating the plea." (emphasis added).

I agree entirely with my brother that "[i]n view of *Boykin* and *Roddy*, ... where the record from the trial court is inadequate to affirmatively demonstrate that the plea was intelligent and voluntary, the state may not utilize a presumption to *satisfy* its burden of *persuasion*." (emphasis added.) The Kentucky procedure set forth in *Dunn* does not permit the state to "satisfy" its "burden of persuasion" by invoking a presumption. It merely requires, as a procedural matter, that in order to impose upon the state a new burden to prove the validity of an heretofore presumptively valid guilty plea, the defendant must raise an issue as to its validity by offering some evidence of noncompliance with *Boykin*. When that is done, the state may not rely upon the presumption of regularity which attaches to all judgments of courts of record, including those generated by guilty pleas, to satisfy its newly assumed burden; it must instead proceed to prove, unaided by any presumption of regularity, that the plea in question is voluntary and intelligent.

When a defendant in Kentucky offers any evidence whatever in support of his claim that his guilty plea is constitutionally infirm, he has "refute[d] the presumption of regularity" of the guilty plea judgment he has challenged and the Commonwealth is required to prove its validity according to the standards announced in *Boykin* and *Roddy*. The Kentucky Supreme Court's procedure does no violence to the *rules* announced in *Boykin, Roddy*, or any other binding federal constitutional precedent.

Kentucky has established a constitutionally sound procedure for the uniform, orderly and efficient determination of genuine, evidence-supported challenges to presumptively valid guilty pleas reduced to judgment in its courts, and this federal court is without authority to tell Kentucky its procedure is not acceptable.