919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alan L. LIGHTHART, Petitioner-Appellant,
v.
Al. C. PARKE, Warden, Respondent-Appellee.
 No. 90-5462.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1990.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Alan L. Lighthart is a pro se Kentucky prisoner who appeals the denial of a habeas corpus petition that he had filed under 28 U.S.C. Sec. 2254. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Lighthart was convicted of rape in 1976 and sentenced by an Illinois court to imprisonment for 6-15 years. However, Lighthart escaped with another prisoner, and the two men were subsequently involved in a high-speed chase in which they exchanged gunfire with several Kentucky police officers.
 
 
 4
 On October 19, 1981, Lighthart pled guilty to Kentucky charges of attempted murder and first-degree robbery. At his rearraignment, Lighthart received concurrent, fifteen-year sentences on these charges pursuant to a plea agreement with the commonwealth. However, a final sentencing order by the original trial judge does not appear in the record. Instead, a nunc pro tunc judgment was entered by a special judge on January 20, 1983. Pursuant to this judgment, Lighthart was sentenced to fifteen years of imprisonment on his Kentucky charges, which was to be served consecutively to his remaining sentence in Illinois.
 
 
 5
 In his petition, Lighthart argued that he would not have pled guilty to the Kentucky charges if he had known that his sentences would be consecutive and that he was denied due process of law by the entry of the nunc pro tunc judgment. On December 11, 1989, the district court issued a memorandum opinion and a judgment that denied the petition. On March 16, 1990, the court overruled Lighthart's timely motion to alter or amend its judgment pursuant to Fed.R.Civ.P. 59(e). It is from this order that Lighthart now appeals. His brief on appeal contains a request for counsel.
 
 
 6
 Lighthart first argues that his guilty plea was not constitutionally valid because the consecutive sentencing that he eventually received was not consistent with the representations that were made to him at his rearraignment. A transcript of the rearraingment has not been made a part of the record. Therefore, the commonwealth must submit clear and convincing evidence to show that Lighthart's plea was knowing and voluntary. See Dunn v. Simmons, 877 F.2d 1275, 1277 (6th Cir.1989), cert. denied, 110 S.Ct. 1539 (1990).
 
 
 7
 The district court relied on three pieces of documentary evidence in denying the petition: 1) the plea agreement; 2) a waiver form that was signed by Lighthart; and 3) a letter that was written by a court reporter to Lighthart regarding his rearraignment. Lighthart alleges that he did not receive the letter and that it was not included in the state record. However, an examination of the record indicates that the letter, dated April 20, 1982, was addressed to Lighthart at the Illinois prison where he was incarcerated. In addition, a copy of the letter was filed on April 26, 1982.
 
 
 8
 The letter is apparently based on the reporter's notes of the rearraignment, which indicate that the trial court had run Lighthart's Kentucky sentence consecutively to the sentence that he was serving in Illinois. While Lighthart's plea agreement did indicate that his sentence on "all charges" would be concurrent, the waiver form clearly indicates that this agreement was not binding on the court. The waiver also indicates Lighthart's understanding "that the Court may order the sentences on each count to run either concurrently or consecutively with each other." This evidence is sufficient to carry the prosecution's burden of showing that the plea was knowing and voluntary, despite Lighthart's allegation that he was misadvised regarding the sentencing consequences of his plea. Cf. Campbell v. Marshall, 769 F.2d 314, 324 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986); Roddy v. Black, 516 F.2d 1380, 1385-86 (6th Cir.), cert. denied, 423 U.S. 917 (1975).
 
 
 9
 Lighthart also argues that he was denied due process of law because the nunc pro tunc judgment contradicts or changes his sentence. It could be argued that the nunc pro tunc judgment contradicts an order that was entered at Lighthart's rearraignment, which tentatively fixed his sentence according to the plea agreement. However, the plea agreement does not mention Lighthart's Illinois charges in any way. Moreover, the order clearly indicates that the court's acceptance of the plea agreement was "subject to final sentencing and PSI review." Thus any conflict between this order and the nunc pro tunc judgment would not be sufficient to state a due process claim because the order was clearly not a final judgment. Cf. United States v. DiFrancesco, 449 U.S. 117, 133 (1980).
 
 
 10
 There is some confusion in the record as to whether a final judgment was ever entered prior to the nunc pro tunc judgment. However, the mere possibility that an earlier judgment exists is not sufficient to support Lighthart's claim. There is simply no evidence that the nunc pro tunc judgment contradicted an earlier final judgment, even if one is assumed to exist. In the absence of this proof, Lighthart has alleged no more than a potential violation of state law that is not cognizable in a federal habeas corpus proceeding. See generally Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988).
 
 
 11
 Accordingly, Lighthart's request for counsel is hereby denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation