919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold Larry ALEXANDER, Petitioner-Appellant,
v.
Al PARKE, Warden, Respondent-Appellee.
 No. 90-5040.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1990.
 
 Before ROYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Arnold Larry Alexander, a Kentucky prisoner represented by counsel, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 Alexander was convicted by a Jefferson County, Kentucky, jury of two counts of trafficking in the controlled substance dilaudid and of being both a subsequent drug offender and a persistent felony offender (PFO) in the first degree. He received a life sentence.
 
 
 4
 After his unsuccessful direct appeal, Alexander filed his petition for a writ of habeas corpus in the District Court for the Western District of Kentucky. In support of his petition for habeas relief, Alexander maintained: (1) that seven of his eight prior felony convictions obtained pursuant to guilty pleas were invalid under Boykin v. Alabama, 395 U.S. 238 (1969), and thus improperly introduced for purposes of penalty enhancement; (2) that the trial court imposed an improper burden upon petitioner to show the invalidity of prior convictions; and (3) that the rule in Dunn v. Commonwealth, 703 S.W.2d 874 (Ky.1985), cert. denied, 479 U.S. 832 (1986), writ of habeas corpus granted and aff'd, Dunn v. Simmons, 877 F.2d 1275 (6th Cir.1989), cert. denied, 110 S.Ct. 1539 (1990), used by Kentucky courts is inconsistent with federal law and should not have been followed in this case.
 
 
 5
 The district court held that Alexander's PFO enhancement was supported by the evidence. The court found that Alexander admitted the validity of his May 27, 1976, judgment convicting him of two counts of trafficking in heroin. In addition, the court determined that Boykin did not apply to Alexander's February 5, 1969, judgment convicting him of two counts of uttering a forged instrument in writing since that judgment preceded Boykin. See Hendron v. Cowan, 532 F.2d 1081, 1082-83 (6th Cir.1976) (per curiam). The court concluded that admission of the remaining prior convictions was harmless in light of Alexander's admission as to the validity of the 1976 conviction and the pre-Boykin 1969 conviction, which were sufficient to convict him under Kentucky's PFO statute. See Ky.Rev.Stat. Sec. 532.080; Rudolph v. Parke, 856 F.2d 738, 740 (6th Cir.1988).
 
 
 6
 Upon review, this court concludes that the district court did not err in denying the petition for habeas relief. Accordingly, the district court's judgment is hereby affirmed for the reasons stated by that court in its memorandum opinion entered December 5, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.