966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger Joseph BOWLIN, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 92-5212.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1992.
 
 1
 Before KEITH and RYAN, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Roger Joseph Bowlin is a pro se Kentucky prisoner who appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2254. Bowlin's appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Bowlin pled guilty to fraudulent credit card use and to being a persistent felony offender ("PFO") in the first degree. He alleged that his counsel was ineffective and that his plea was induced by fear of his continued confinement at the Kenton County jail. Bowlin later submitted an affidavit which indicated that he was not guilty of a prior burglary conviction. On January 9, 1992, the district court adopted the relevant portions of a magistrate judge's recommendation and dismissed the petition. It is from this judgment that Bowlin now appeals. His brief on appeal contains a request for counsel.
 
 
 4
 To establish ineffective assistance of counsel, Bowlin must show that his attorney's performance was deficient and that there is a reasonable probability that he would have insisted on going to trial if it were not for his counsel's alleged errors. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Bowlin alleged that counsel did not adequately investigate his case and that he did not advise the court that Bowlin's plea may have been induced by his treatment at the jail. However, the record clearly indicates that Bowlin was satisfied with counsel's performance. Moreover, Bowlin was not prejudiced by counsel's assistance in entering a guilty plea, which resulted in the minimal sentence for a first-degree PFO as well as the dismissal of numerous other charges.
 
 
 5
 Bowlin argues that his plea was not voluntary because it was motivated by his fear of staying in the Kenton County jail. However, the record shows that the trial court carefully questioned Bowlin to insure that he fully understood the consequences of his plea so that it represented a voluntary and intelligent choice among the alternatives. See Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991). In addition, the state courts found that Bowlin's allegations of disabling fear were not credible. These findings are presumed to be correct because Bowlin has not presented convincing evidence demonstrating that they are erroneous. See Smith v. Jago, 888 F.2d 399, 407-08 (6th Cir.1989), cert. denied, 495 U.S. 961 (1990). Moreover, a de novo review of the plea proceeding indicates that Bowlin's plea was not motivated by fear, but by the hope that he would receive a lenient sentence and that other charges would not be prosecuted. In addition, Bowlin signed a waiver form which states that his guilty plea was not motivated by force, duress or coercion.
 
 
 6
 Finally, Bowlin argues that his PFO conviction was erroneous because the Commonwealth relied on an impermissible presumption to carry its burden of showing that his prior convictions were valid. Cf. Raley v. Parke, 945 F.2d 137, 141 (6th Cir.1991), cert. granted, 112 S.Ct. 1260 (1992); Dunn v. Simmons, 877 F.2d 1275, 1278 (6th Cir.1989), cert. denied, 475 U.S. 1048 (1990). Bowlin has exhausted his available state remedies regarding this argument because the Kentucky courts will not consider an attack on an habitual offender's prior conviction if it is not raised at his PFO hearing. See Alvey v. Commonwealth, 648 S.W.2d 858 (Ky.1983). However, Bowlin must establish cause and prejudice to prevail on this claim because of his procedural default. See Riggins, 935 F.2d at 793.
 
 
 7
 Bowlin has not suggested any cause for the failure to challenge his prior convictions when he entered his guilty plea. Moreover, he has not cited any constitutional infirmity regarding his prior convictions which might indicate that he was prejudiced by the Commonwealth's alleged failure to comply with Raley and Dunn. Indeed, the present case is distinguishable from both of the cited cases. In Raley, the defendant entered a conditional guilty plea, which reserved his right to challenge his PFO conviction. In Dunn, the defendant objected to the constitutionality of his prior convictions at a jury trial. In the present case, Bowlin's unconditional guilty plea satisfied the state's burden of showing that his prior convictions were valid. A voluntary and intelligent guilty plea is valid even if the defendant is unwilling to admit his participation in the crime charged. See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970).
 
 
 8
 Accordingly, Bowlin's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation