986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Eston MARSHALL, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 92-5388.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1993.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Mark Easton Marshall appeals the district court's dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 (1988). Because we conclude that the district court's determination was not erroneous, we AFFIRM the dismissal of the petition.
 
 
 2
 * In 1983, Marshall was convicted in a Kentucky court of burglary, receiving stolen property and being a persistent felony offender in the first degree ("PFO I"), Ky.Rev.Stat.Ann. § 532.080(3) (Michie/Bobbs-Merrill 1988). The PFO I conviction, which requires the defendant to have been convicted of two prior felonies, enhanced petitioner's sentence by ten years. The Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied petitioner's motion for discretionary review.
 
 
 3
 In his present habeas petition, Marshall claims that a 1976 Indiana conviction, one of the two convictions necessary for the PFO I conviction, is invalid under Boykin v. Alabama, 395 U.S. 238 (1969). The 1976 conviction arises from Marshall's guilty plea in Floyd County Circuit Court, New Albany, Indiana, to a charge of being an accessory after the fact to first degree burglary. This conviction was not signed by the Indiana judge, but in 1983, as a result of a state post-conviction hearing, a judgment nunc pro tunc was entered in Floyd County Circuit Court.
 
 
 4
 Judge Taggart, who presided over the plea proceeding in 1976, died shortly after the plea was entered. The court reporter for that proceeding provided an affidavit that after a diligent search, she could not find any records of the proceeding. Thus, there was no transcript of the colloquy between Marshall and Judge Taggart to show that Marshall knowingly and intelligently entered the plea.
 
 
 5
 On April 22, 1991, the district court below held an evidentiary hearing, pursuant to 28 U.S.C. § 2254(a) (1988), to determine whether the Indiana guilty plea on which the PFO I conviction in Kentucky was based was constitutionally sound under Boykin. The state called two witnesses to testify to Judge Taggart's procedure when accepting guilty pleas: Richard Striegel, who was the public defender in Floyd County in 1976 and has since become a state circuit judge in place of Judge Taggart, and Joseph Earl, the prosecuting attorney in 1976. Because Earl's testimony was somewhat tentative, the court relied on Striegel's testimony to determine whether Marshall's plea was knowing and voluntary.
 
 
 6
 Without objection, the government entered into evidence a photocopy of a form to which Judge Taggart referred when advising defendants of their constitutional rights before they pled guilty. Striegel drafted the form in 1974 at the request of the judge. Paragraph three reads as follows:
 
 
 7
 That by your plea of guilty you are waiving your right to a public and speedy trial by jury, to face the witnesses against you, to have compulsory process for obtaining witnesses in your favor and to require the state to prove your guilt beyond a reasonable doubt at a trial in which you may not be compelled to testify against yourself.
 
 
 8
 On cross-examination, Striegel testified that he could not remember the specific day on which petitioner pled guilty, but that Judge Taggart always went through every item in the guilty plea form when accepting a defendant's plea. The district court concluded that the government had established the validity of Marshall's plea under Boykin by clear and convincing evidence as required by this court in Dunn v. Simmons, 877 F.2d 1275 (6th Cir.1989), cert. denied, 494 U.S. 1061 (1990).
 
 II
 
 9
 In cases involving petitions for a writ of habeas corpus, we review the district court's determinations regarding questions of law de novo. McKenzie v. Risley, 842 F.2d 1525 (9th Cir.), cert. denied, 488 U.S. 901 (1988). The district court's findings of fact in habeas cases, however, are subject to the clearly erroneous standard of review. McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989). Deference to the court's findings are especially warranted in cases where the critical evidence is testimonial. Id.
 
 III
 
 10
 In Boykin, the Supreme Court held that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Where the record is silent, the Court said it would not presume that the defendant waived his federal constitutional rights to the privilege against compulsory self-incrimination, to a trial by jury, or to confront one's accusers. Boykin, 395 U.S. at 242-43. In Boykin, a plain reading of the record showed that the judge accepted the defendant's guilty plea without inquiring into whether the defendant understood the nature and consequences of his plea. Under different circumstances, where the record is silent, uncertain or non-existent, the state may introduce evidence extrinsic to the transcript of the plea's acceptance to prove the voluntary and intelligent nature of the plea. Roddy v. Black, 516 F.2d 1380, 1384 (6th Cir.), cert. denied, 423 U.S. 917 (1975). In Roddy, we held that the state must make this showing with clear and convincing evidence. Id.
 
 
 11
 Boykin involved the direct appeal of state convictions allegedly based on a defective guilty plea. In contrast, the present case, Parke v. Raley, 945 F.2d 137 (6th Cir.1991), rev'd, 113 S.Ct. 517 (1992), and Dunn all involved collateral challenges to prior state convictions that were allegedly based on unconstitutional guilty pleas by recidivism defendants. Dunn applied the clear and convincing standard established in Roddy and also held that when no record of the prior plea procedure exists, the state cannot rely on the presumption of regularity which attaches to a final judgment to satisfy its burden of proof. Dunn, 877 F.2d at 1277.
 
 
 12
 Raley was recently reversed and Dunn overruled by the Supreme Court in Parke v. Raley, 113 S.Ct. 517 (1992). Raley involved the same Kentucky recidivism statute as do Dunn and the present case. The Supreme Court observed that the Due Process Clause tolerates a spectrum of state procedures for implementing recidivism statutes. In Kentucky, the following procedure is followed:
 
 
 13
 In those cases in which the defendant is indicted as a persistent felony offender and files a proper motion to suppress any evidence of his prior offenses, the burden is on the Commonwealth to prove the judgments of conviction in each of the underlying offenses upon which it intends to rely. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. After the judgments of conviction are introduced, the burden shifts to the defendant to show any infringement of his rights or irregularity of procedure upon which he relies, such as those set out in Boykin v. Alabama, or other pertinent cases. If the defendant presents evidence, through his testimony or other affirmative evidence, which refutes the presumption of regularity, the burden then falls to the Commonwealth to prove that the underlying judgments were entered in a manner which did, in fact, protect the rights of the defendant. A silent record simply will not suffice.
 
 
 14
 Dunn v. Kentucky, 703 S.W.2d 874, 876 (Ky.1985), cert. denied, 479 U.S. 832 (1986).
 
 
 15
 In Raley, the Supreme Court expressly approved Kentucky's burden shifting scheme and held, "the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under Boykin." Raley, 113 S.Ct. at 525-26. The Court saw no tension between the Kentucky scheme and Boykin.
 
 
 16
 Boykin involved direct review of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import Boykin's presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 464, 468 (1938).... In this situation, Boykin does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained.
 
 
 17
 Id. at 523, 524. The Kentucky scheme favors the state with an initial presumption of validity upon proof of the existence of the prior conviction, but with some proof of invalidity, the state bears the ultimate burden of persuasion.
 
 
 18
 Under the Supreme Court's ruling in Raley, the district court could have dismissed the application for a writ here without holding an evidentiary hearing because the petitioner did not carry his initial burden of overcoming the presumption of regularity that attaches to final judgments. Unlike the petitioner in Raley, Marshall did not testify that he was unaware of his constitutional rights when he entered his plea. He did not introduce any affirmative evidence of or even allege misconduct on the part of Judge Taggart or irregularity of procedure. In light of the fact that the conviction was entered nunc pro tunc, however, the district court's decision to conduct an evidentiary hearing was a wise one.
 
 
 19
 Raley held that due process does not require application of a clear and convincing standard, and clearly implied that the level of proof that is required to carry the state's burden of persuasion in collateral attacks on guilty plea convictions is that of preponderance of the evidence. Since the district court required the state to prove, with clear and convincing evidence, that the petitioner voluntarily and understandingly entered his guilty plea, and since we find that the determination by the district court in applying the clear and convincing standard is not clearly erroneous, the determination, a fortiori, is not clearly erroneous applying the standard announced by the Supreme Court in Raley.
 
 IV
 
 20
 Accordingly, we AFFIRM the district court's dismissal of the petition for a writ of habeas corpus.