989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Monte SMILEY, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 92-5664.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1993.
 
 Before BOYCE F. MARTIN, JR. and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Monte Smiley, a Kentucky inmate, filed a habeas corpus petition in which he challenged the constitutionality of a 1978 burglary conviction (7 counts) enhanced as a second degree persistent felony offender. The district court initially granted the petition but on reconsideration ordered that the petition be denied. This appeal followed and the parties have briefed the issues.
 
 
 3
 Monte Smiley filed his habeas corpus petition on a standard pre-printed form on July 20, 1988. The specifics of the convictions under attack are set forth at paragraphs two through four: "store-house breaking" in 1970 (2 years), "store-house breaking" in 1972 (5 years), and "armed robbery" in 1972 (10 years). These convictions were all entered pursuant to counseled guilty pleas, were not the subject of a direct appeal and were challenged as having been entered without full knowledge of the consequences. It later became clear that Smiley is, in fact, challenging the three convictions only as they served as sentence enhancing components of a 1978 seven count burglary conviction.
 
 
 4
 The district court initially dismissed the petition on procedural default grounds. A panel of this court vacated the decision, however, and ordered the district court to consider the merits of Smiley's claims. On remand, the district court addressed the merits of Smiley's claim that the guilty pleas were invalid under Boykin v. Alabama, 395 U.S. 238 (1969). The court held an evidentiary hearing, as there was no transcript available for either plea, and ultimately concluded that the 1970 plea was constitutionally made but that the 1972 plea was not. The court, mistakenly believing that both convictions were necessary to support the persistent felony offender (PFO) enhancement, proceeded to grant the petition and order Smiley's release from custody for "the use of the 1972 conviction in support of petitioner's 1978 PFO I conviction." This order was subsequently vacated and the petition was denied. This latter order is the judgment on appeal.
 
 
 5
 Counsel for Smiley argues on appeal that the district court erred in finding that the 1970 conviction was constitutional under Boykin and in holding that the 1978 PFO II enhancement was not voided by the invalidation of one of the predicate offenses. Even assuming that Smiley is in custody for purposes of challenging the 1970 conviction, see Maleng v. Cook, 490 U.S. 488, 493-94 (1989) (per curiam), we conclude that these arguments lack merit.
 
 
 6
 Counsel for Smiley argues in his first appellate claim that there is no evidence to support the district court's finding that the 1970 conviction was constitutional. He also argues that, at a minimum, Kentucky did not carry its burden of proof (set forth in Dunn v. Simmons, 877 F.2d 1275, 1277 (6th Cir.1989), cert. denied, 494 U.S. 1061 (1990)), to show by clear and convincing evidence that Smiley's 1970 conviction was proper under Boykin.
 
 
 7
 In Parke v. Raley, 113 S.Ct. 517 (1992), the Supreme Court held, inter alia, that the Due Process Clause did not require a state to prove the constitutionality of a conviction by "clear and convincing" evidence in Boykin challenges when a transcript of the proceedings is unavailable. 113 S.Ct. at 526 (specifically citing Dunn ). Regardless of what lesser standard of review may survive the Raley opinion, the record reflects that there was ample evidence of the habits and practices of the defense counsel and trial judge to support the district court's findings.
 
 
 8
 Smiley's final claim is that the district court should have remanded the matter to Kentucky state court for a determination of whether the invalidity of one conviction meant that the PFO II finding was less than unanimous (and thus invalid) under Kentucky law. Counsel for Appellee Parke has cited the court to an unpublished Kentucky Court of Appeals case, Estes v. Commonwealth, No. 91-CA-1841-MR (Ky.Ct.App. Sept. 4, 1992), in which a similar claim was considered and soundly rejected. This case, although not strictly binding authority on this court, is persuasive authority of how Kentucky courts would decide this issue. See Olsen v. McFaul, 843 F.2d 918, 929 (6th Cir.1988). In addition, a claim of purely state law is not ordinarily cognizable on federal habeas corpus review. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). The appeal lacks merit.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.