995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mitchell SNEED, Petitioner-Appellant,
v.
David DONAHUE, Respondent-Appellee.
 No. 92-6473.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1993.
 
 1
 Before JONES and NELSON, Circuit Judges, and FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 Mitchell Sneed is a pro se Kentucky prisoner who appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2254. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1976, Sneed was sentenced to 16 years imprisonment following his guilty plea to several counts of armed robbery. In 1987, Sneed pled guilty to first-degree robbery and to being a persistent felony offender ("PFO") in the second degree. He was sentenced to 20 years imprisonment, which was made consecutive to the sentence that he had received in 1976.
 
 
 4
 In his petition, Sneed alleged that his trial counsel had been ineffective and that consecutive sentencing violated the Ex Post Facto Clause of the Constitution. On October 21, 1992, the district court adopted a magistrate judge's recommendation and dismissed the petition. It is from this judgment that Sneed now appeals.
 
 
 5
 Sneed alleged that his trial counsel was ineffective because counsel failed to challenge the use of his 1976 guilty plea to support the PFO charge, when the record did not affirmatively show that his prior plea had been valid. To establish ineffective assistance of counsel, Sneed must show that his attorney's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 6
 Sneed has not shown that his counsel's performance was deficient. The waiver of certain basic rights may not be assumed from a silent record. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). However, when Sneed entered his PFO plea in 1987, the Kentucky courts allowed the prosecution to rely on a presumption of regularity in judicial proceedings to meet its initial burden regarding the validity of a prior guilty plea. The burden then shifted to the defendant to affirmatively demonstrate that his prior guilty plea had been invalid. Dunn v. Commonwealth, 703 S.W.2d 874, 876 (Ky.1985), cert. denied, 479 U.S. 832 (1986). This court subsequently disapproved of Kentucky's burden shifting scheme, but that case had not been decided in 1987. Dunn v. Simmons, 877 F.2d 1275, 1279 (6th Cir.1989), cert. denied, 494 U.S. 1061 (1990). Moreover, Kentucky's procedure for evaluating prior convictions was recently sanctioned by the United States Supreme Court. Parke v. Raley, 113 S.Ct. 517, 523 (1992). In light of this authority, it cannot be said that counsel's alleged failure to challenge the validity of Sneed's 1976 plea was unreasonable.
 
 
 7
 Furthermore, Sneed has not shown that he was prejudiced by his counsel's actions. Indeed, by pleading guilty to being a PFO in the second degree, Sneed avoided trial on a first-degree PFO charge and the attendant exposure to a life sentence. Therefore, counsel's alleged failure to challenge the validity of Sneed's 1976 plea was not clearly ineffective.
 
 
 8
 Sneed also alleged that the trial court had violated the Ex Post Facto Clause by making his 1987 sentence consecutive to the sentence that he received in 1976. He argues that consecutive sentencing would not have been mandatory in his case prior to the enactment of Ky.Rev.Stat. § 533.060, which became effective on June 19, 1976. That statute requires consecutive sentencing for crimes, like Sneed's 1987 robbery, which are committed while a defendant is on parole.
 
 
 9
 The Ex Post Facto Clause "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." Weaver v. Graham, 450 U.S. 24, 30 (1981). Clearly, this prohibition would not apply to Sneed's 1987 conviction because that robbery was committed after the effective date of § 533.060. Furthermore, the Ex Post Facto Clause was not offended by Sneed's 1976 sentence because § 533.060 was not applied to that sentence. Sneed's 1987 sentence is consecutive to the sentence that he received in 1976, not the other way around.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation