19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Eugene WATKINS, Petitioner-Appellant,
v.
William SEABOLD, Warden, Respondent-Appellee.
 No. 93-5968.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1994.
 
 1
 Before: JONES and BOGGS, Circuit Judges; and FEIKENS, Senior U.S. District Judge.*
 
 ORDER
 
 2
 Larry Eugene Watkins, pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In July of 1986, a Kentucky jury found Watkins guilty of assault in the first degree, possession of a handgun by a convicted felon, and being a persistent felony offender under Kentucky law. Because of the persistent felony offender (PFO) offense, Watkins received an enhanced sentence of life imprisonment. The evidence revealed that the petitioner encountered his brother at his mother's house, where they engaged in an argument, resulting in Watkins retrieving a gun from his car and, without provocation, shooting his brother in the legs. Thereafter, the petitioner continuously kicked and beat his brother. The Kentucky Supreme Court affirmed Watkins's convictions, on appeal. Subsequently, with the assistance of counsel, Watkins filed a motion to vacate the judgment, pursuant to Ky.R.Crim.P. 11.42, and a motion to set aside the judgment, pursuant to Rule 60.02. The circuit court denied these motions. The Kentucky Court of Appeals affirmed this decision, and the Kentucky Supreme Court denied discretionary review.
 
 
 4
 In his federal habeas petition, Watkins alleged: 1) certain prior convictions, including two 1970 convictions based on a guilty plea, were erroneously used to support and convict him as a persistent felony offender; 2) his trial counsel was ineffective for not investigating and challenging the use of the prior convictions; and 3) his counsel was ineffective for failing to investigate a defense based on "extreme emotional distress." The district court denied the petition.
 
 
 5
 On appeal, the petitioner reiterates his original arguments regarding: 1) the alleged invalid guilty pleas made in 1970; 2) the court's failure to consider a videotape of three 1989 evidentiary hearings in state court; 3) the court's failure to consider that a state circuit court had determined that the 1970 convictions were invalid under Boykin v. Alabama, 395 U.S. 238 (1969); and 4) ineffective assistance of counsel based on five separate grounds, including counsel's failure to object to the introduction of his prior convictions and his counsel's failure to investigate and put forth evidence to support a defense based on "extreme emotional disturbance." Watkins has filed a motion for this court to take judicial notice of nine separate facts which are, essentially, a repeat of his allegations of error. He has also filed a motion to expand the record pursuant to Rule 7 of the Rules Governing Sec. 2254 cases.
 
 
 6
 A writ of habeas corpus may be issued to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Despite de novo review of the petition, this court must give complete deference to evidence-supported state court findings of fact and must utilize a clearly erroneous standard of review of the district court's findings of fact. Williams v. Withrow, 944 F.2d 284, 288 (6th Cir.1991), aff'd in part, rev'd in part, 113 S.Ct. 1745 (1993); Lundy, 888 F.2d at 469.
 
 
 7
 A review of the state court records reveals that Watkins has failed to meet his burden of proving that the presumption of regularity should not apply to his 1970 guilty pleas. Likewise, Watkins has not shown that he did not enter into these pleas voluntarily or intelligently, in order to be entitled to habeas relief on this ground. Parke v. Raley, 113 S.Ct. 517, 523-24 (1992); Dunn v. Commonwealth, 703 S.W.2d 874, 876 (Ky.1985), cert. denied, 479 U.S. 832 (1986); Commonwealth v. Gadd, 665 S.W.2d 915 (Ky.1984).
 
 
 8
 Because the district court had before it the complete record of the state court proceedings and could decide the issue of whether the 1970 convictions were valid based on that record, the videotape made of certain 1989 evidentiary hearings in state court was not necessary for the district court to determine the merits of this claim, as the petitioner would argue. It is also clear that the district court appropriately determined that Watkins's felony conviction under 21 U.S.C. Sec. 844(a), on which he was given a sentence of one year, could be used to support his PFO conviction under Kentucky law. See Ky.Rev.Stat.Ann. Sec. 532.080(2)(a). Moreover, as the respondent points out, only two valid prior convictions are necessary to prove that a felon is a PFO under state law. Thus, the remaining prior convictions that Watkins now argues were invalid need not be proven, as long as the Commonwealth has shown two prior valid convictions to support the PFO status. See Ky.Rev.Stat.Ann. Sec. 532.080(3).
 
 
 9
 Watkins's argument that he was denied effective assistance of counsel is without merit. It was not outside the realm of reasonable trial strategy for his counsel to rely upon a transcript of the guilty plea proceedings in an attempt to secure a reversal of those guilty pleas as invalid under federal law. This is particularly true in light of this court's subsequent decisions in Dunn v. Simmons, 877 F.2d 1275 (6th Cir.1989), cert. denied, 494 U.S. 1061 (1990), and Rudolph v. Parke, 856 F.2d 738 (6th Cir.1988). Watkins has failed to meet the burden under Strickland v. Washington, 466 U.S. 668, 687 (1984), of showing that his counsel's assistance was so ineffective that it may support habeas relief. Lastly, the petitioner's argument, that his counsel rendered ineffective assistance by failure to present an "extreme emotional disturbance" defense is without merit. The record belies the statement that the jury did not receive an instruction on assault in extreme emotional disturbance, and it was not ineffective assistance for counsel to fail to call an expert witness to testify on this particular issue.
 
 
 10
 Accordingly, Watkin's motions are denied, and the district court's order denying the petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation