Vernon Wayne
TEMPLEMAN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 89–SC–70–MR.

Supreme Court of Kentucky.

March 15, 1990.

Russell J. Baldani, Summers, Fox & McGinty, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Lana Grandon, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Templeman of murder and first-degree robbery. He was sentenced to life without parole for twenty-five years for the murder and ten years for the robbery.

The questions presented are whether the prior convictions were properly admitted; whether objections to the prosecutor's questioning were properly preserved and whether comments about the victim were reversible error.

In 1988 Templeman was convicted of a 1980 robbery of a liquor store and the murder of one of its patrons. At the sentencing phase of his trial, the prosecution introduced evidence of a conviction for the offense of aggravated robbery and a conviction of two counts of first-degree robbery and second-degree escape. The jury found Templeman guilty. This appeal followed.

Templeman contends that the trial judge committed reversible error when he allowed the prosecution to present, at the sentencing phase of the trial, evidence of Templeman's convictions which occurred

prior to trial and sentencing in his case, but subsequent to the commission of the offense charged in this case. Templeman was convicted of aggravated robbery in Colorado in 1984 and two counts of robbery and one count of escape in Florida in 1984. These convictions were used as evidence of prior convictions. A robbery and escape charge in 1980 from South Carolina was not used, and the murder conviction in Colorado in 1984 was not used because the case was still on appeal.

The only statutory aggravating factor which the jury was instructed that it could find was that Templeman killed a patron while engaged in robbing the liquor store and in the course of doing so with the intent to accomplish the robbery, he threatened the use of immediate physical force on another patron with a pistol. The jury was instructed that it could not consider Templeman's prior convictions as a statutory aggravating factor for imposing a sentence of death or life without parole for twenty-five years. Once the statutory aggravating factor was found to exist, Templeman's prior history was a factor which could properly be considered by the jury in the sentencing phase. *Skaggs v. Commonwealth*, Ky., 694 S.W.2d 672 (1985). It was appropriate for the jury to consider any of Templeman's convictions which were final at the time of sentencing as one of the circumstances bearing on whether the death penalty was appropriate. *See Bevins v. Commonwealth*, Ky., 712 S.W.2d 932 (1986).

Templeman's argument relative to the interpretation of prior convictions is unconvincing. We are persuaded by the rationale of the Florida Supreme Court in *Ruffin v. State*, Fla., 397 So.2d 277 (1981), (overruled on other grounds) which stated in part that a defendant may have committed a murder for which he is not apprehended until many years later and during the course of those years may have a significant criminal history. Consequently, the trial judge was correct in allowing the prosecution to introduce evidence of prior criminal convictions which occurred subsequent to the commission of the crime. The term prior is the status of the defendant at the time of sentencing, not at the time of the commission of the charged crime.

The purpose of K.R.S. 532.025 is to allow evidence of all relevant and pertinent information so that the jury can make an informed decision concerning the appropriate sentence in a particular case. The jury should not sentence in a vacuum without knowledge of the past criminal record or other pertinent matters necessary to assess an appropriate penalty. *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987); *Francis v. Commonwealth*, Ky., 752 S.W.2d 309 (1988).

There is a great deal of difference between the PFO procedure and the sentencing phase of a capital murder trial. The PFO statute defines a prior offense for the purposes of that statute. K.R.S. 532.025 does not have any definition of the term "prior convictions." Prior convictions is a common and easily understood phrase and does not require an extended definition or interpretation.

■ Templeman argues he was denied his right to a fair trial because he claims the prosecutor repeatedly inferred that Templeman had threatened the life of a witness. The three instances of questions by the prosecutor to the witness were objected to by defense counsel and the objections were sustained. The questions were not answered. Templeman received the relief he requested and he cannot now ask for further relief on appeal. *Lynem v. Commonwealth*, Ky., 565 S.W.2d 141 (1978).

■ Templeman maintains that Detective Spencer's recitation of another witness's testimony was improper hearsay. This issue has not been preserved for appellate review because Templeman did not object to the statement made by the detective. RCr 9.22. Initially Templeman objected to the prosecutor's question concerning what was said in the interview with Burns. Detective Spencer did not repeat before the jury what Burns told him and Detective Neal in 1987 at the prison. Instead, when Spencer was asked whether his interview of Burns confirmed what Detective Neal had told him, Spencer answered "Yes." Templeman did not object to

this rephrased question and therefore this issue has not been properly preserved for appellate review. RCr 9.22. No prejudice resulted.

 Templeman claims that he was denied a fair trial because evidence about the victim and the effect of his death on his family was permitted during the guilt phase of the trial. The wife of the victim testified as the final prosecution witness stating that she had been married to the victim for thirty-five years and that they had five children and ten grandchildren. She presented a picture of the victim taken the Christmas before his death. The trial judge halted further questioning along such lines on his own motion. Templeman argued that the questions were irrelevant and inflammatory and requested a mistrial. He did not request any lesser relief such as an admonition which would have cured any error. *Hardy v. Commonwealth,* Ky., 719 S.W.2d 727 (1986). The testimony of the wife merely called to the attention of the jury that the victim was once a living person and not just a statistic. There was no reversible error. *McQueen v. Commonwealth,* Ky., 669 S.W.2d 519 (1984). Templeman's reliance on *Booth v. Maryland,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987) is inapposite because the testimony of the wife was introduced during the guilt phase.

The comments made by the prosecutor during closing argument do not amount to reversible error. Templeman made one objection which was sustained, and he requested no further relief. The other objections to the prosecutor's closing argument in the sentencing phase did not constitute reversible error. The comments by the prosecutor did not infect the trial with unfairness so as to make the resulting conviction a denial of due process. *Cf. Darden v. Wainwright,* 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

The judgment of conviction is affirmed.

All concur.