Steven CONKLIN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 89–SC–757–MR.

Supreme Court of Kentucky.

Nov. 29, 1990.

Gus G. Daleure, Jr., Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Lana Grandon, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The appellant was convicted of robbery in the first degree and his sentence, enhanced as a persistent felony offender in the first degree, was fixed at imprisonment for life.

A SuperAmerica store in Jefferson County was robbed of approximately $190.00 by a lone bandit armed with a knife. The robber had a cut on his hand and was bleeding. Timothy Thomas admitted that he committed the robbery. He testified that prior to the robbery he was a passenger in an automobile driven by appellant; that he asked appellant to stop at the SuperAmerica station in order to purchase some cigarettes; that appellant waited out-

side the station in the car while Thomas committed the robbery; and that after the robbery Thomas got back in the car and appellant drove away. Thomas testified that he told appellant that he had robbed the store and that he gave appellant part of the money.

Both Thomas and the appellant testified that appellant did not know that Thomas planned to rob the station. Appellant admitted that he took the money offered to him by Thomas but claimed that he did so only because Thomas was armed with a knife and had questioned whether appellant would tell on him. When he was arrested the appellant had $95.00 on his person, some of which was stained with human blood.

■ The judgment must be reversed because of the refusal of the trial court to instruct the jury on the offense of knowingly receiving stolen property of a value of less than $100. The Commonwealth concedes error on this point and agrees that the judgment should be reversed. We note that in *Jones v. Commonwealth,* Ky., 756 S.W.2d 462 (1988), we held that a person cannot be convicted of both robbery and knowingly receiving stolen property taken in the robbery because in such a case knowingly receiving the stolen property is a lesser included offense of the charge of robbery.

Because of the likelihood of a retrial, it is necessary that we review the other allegations of error raised by the Appellant. Appellant contends the trial court erred by admitting into evidence a judgment of a prior conviction of a felony which resulted from a plea of guilty. He alleges that this conviction was constitutionally invalid because the record failed to show a compliance with the requirements of *Boykin v.*

*Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

■ In *Dunn v. Commonwealth,* Ky., 703 S.W.2d 874 (1985), this court outlined the procedure to be followed when the validity of a prior felony conviction is challenged by motion as required by *Commonwealth v. Gadd,* Ky., 665 S.W.2d 915 (1984). The Commonwealth has the burden of producing a certified copy of the judgment of conviction of any underlying offense on which it intends to rely. The presumption of regularity of judgment shall be sufficient to meet the Commonwealth's initial burden. After the judgment has been introduced, its validity may be attacked by the defendant by a showing that any of his constitutional rights were infringed in obtaining the judgment. If the defendant produces evidence, through his testimony or other affirmative evidence, which refutes the presumption of regularity, the burden then falls to the Commonwealth to prove that the underlying judgment was entered in a manner which did, in fact, protect the rights of the defendant. A silent record simply will not suffice.

The procedure outlined in *Dunn v. Commonwealth, supra,* does not run afoul of *Boykin v. Alabama, supra. Boykin* holds that a judgment of conviction upon a plea of guilty is invalid if the plea was not knowingly and voluntarily entered and that a plea cannot be said to have been entered knowingly and voluntarily unless the defendant understood that in making the plea he was giving up certain specified constitutional rights. A silent record is not sufficient to establish the defendant's understanding of his rights.[1]

To overcome the problems created by a silent record, most courts, before accepting

---

1. In *Dunn v. Commonwealth, supra,* the defendant took the stand and denied that the trial judge had explained to him his constitutional rights before entry of the guilty plea. This would have placed upon the Commonwealth the additional burden of proof set forth in *Dunn v. Commonwealth,* except for the fact that this court held that upon cross-examination Dunn admitted that he knew his constitutional rights, ergo, an explanation to him of those rights by the trial judge was unnecessary. The United States Circuit Court of Appeals held that factual determination to be erroneous and sustained the granting of habeas corpus by the federal district court. *Dunn v. Simmons,* 877 F.2d 1275 (6th Cir.1989). We do not believe the Sixth Circuit Court of Appeals would have sustained habeas corpus if the situation had been, as it is here, that the defendant did not positively assert under oath the denial of his constitutional rights.

a plea of guilty, engage in a colloquy with a defendant on the record, whereby his constitutional rights are explained and his understanding of those rights is established.

*Boykin, supra,* did not hold that a defendant who fully understood his constitutional rights before the entry of a plea of guilty is entitled to have his judgment vacated solely because the record fails to show that the proper colloquy occurred. The reason for invalidating a judgment pursuant to *Boykin* is that the defendant did not knowingly and voluntarily enter a plea of guilty. The fact that the record is silent is not a reason to invalidate the judgment; it is merely a reason why the Commonwealth cannot affirmatively establish the knowing and voluntary nature of the plea.

■ A judgment of conviction is entitled to some presumption of regularity. Even though the validity of the judgment may not be presumed if properly challenged, the regularity of the judgment should be presumed at least until there is some evidence that it is invalid. A bare allegation in a motion to suppress on the grounds that the plea was involuntary is not sufficient. A defendant is not entitled to have a conviction suppressed simply because the record is silent on *Boykin* matters when neither he nor anyone else has testified under oath that the *Boykin* requirements were not explained to him and that he did not understand his constitutional rights before the entry of the plea. In this case the appellant, by counsel, moved for a hearing to determine the validity of one of his three prior felony convictions. The hearing was held, and the appellant at no time stated that he did not understand his constitutional rights prior to the entry of his plea of guilty in the prior conviction.

■ In effect, his contention is that even if his rights were explained to him in the former proceeding, and that he did, in fact, understand them, the conviction must be invalidated nevertheless because the record fails to show what actually occurred. If the appellant had testified that the judge in the former trial accepted his plea without explaining his rights or that he did not understand his Constitutional rights, then under *Dunn v. Commonwealth, supra,* the Commonwealth would have the burden of proof that the judgment was entered in a manner which fully protected his constitutional rights. A silent record would not suffice.

Since the appellant offered no such attack upon the prior conviction after the judgment was introduced, there was no error in failing to suppress it.

■ Appellant further contends that the court erred by admitting into evidence at the penalty phase of the trial a conviction of misdemeanors which occurred subsequent to the date of the principal offense. This question has been decided adversely to the appellant in *Templeman v. Commonwealth,* Ky., 785 S.W.2d 259 (1990).

We find no merit in the contention of appellant that the trial court erred in failing to instruct the jury on duress or choice of evils, or his contention that the court should have directed a verdict for appellant due to insufficient evidence.

The judgment is reversed for further proceedings consistent with this opinion.

COMBS, GANT, LAMBERT and WINTERSHEIMER, JJ., concur.

Special Justice JOHN FRITH STEWART concurs in part and dissents in part by separate opinion in which STEPHENS, C.J., joins.

JOHN FRITH STEWART, Special Justice, concurring in part, dissenting in part.

A reversal herein is appropriate, as conceded by the Commonwealth, on the issue of the failure of the trial court to instruct on the lesser offense. *Jones v. Commonwealth,* Ky., 756 S.W.2d 462 (1988).

This case will likely be retried, as indicated in the majority opinion. The court, on retrial should be instructed to refuse to admit into evidence the judgment of the prior conviction of a felony which resulted from a plea of guilty, unless the Commonwealth introduces evidence that the defen-

dant did knowingly and voluntarily enter a plea of guilty.

The footnote to the majority opinion conjectures that the Sixth Circuit would not have reached the same result in *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir.1989), had the defendant not positively asserted under oath the denial of his constitutional rights. Yet the Sixth Circuit granted habeas corpus, even though the defendant had made some admission, on cross examination, relative to some knowledge "now" of his constitutional rights.

Under the backdrop of *Boykin, supra,* the Court stated that:

> Although the Dunn procedure ostensibly permits the use of the presumption only to satisfy a burden of production, in reality it may be utilized by the state to carry its ultimate burden of persuasion. That is because, if the defendant offers no rebuttal, the state will prevail; the presumption becomes a substitute for evidence supplementing the conviction record. The practical effect of the Dunn procedure, then, is to allow the state to prevail by carrying its burden of persuasion upon the bare record of the fact that a conviction was entered against the defendant. This result ignores the Supreme Court's admonition in Boykin against presuming a waiver from a silent record and, it offends this Court's requirement in Roddy, since, when the state is said to have made out a bare prima facie case, and it has done so only by relying upon a presumption, the state cannot be said to have met its burden of persuasion by supplementing an inadequate record with clear and convincing evidence. *Dunn, supra,* at page 1278.

Herein, the majority, in reality, are accepting and applying the conclusions asserted in the dissenting opinion of Circuit Judge Ryan. *Dunn v. Simmons, supra,* at pages 1279–1281.

The filing of a record of conviction, alone, which record is "silent" as to understanding and knowledge of the defendant, should not impose the burden on all defendants, represented by various counsel with a range of legal skills, to testify that they were not appropriately apprised or did not have a clear understanding of their rights. In the absence of such a conclusion, imagine the scenario in which the state knows that it cannot supplement the "silent record," with "a clear and convincing showing that the plea was in fact understandingly entered," but did not disclose that information to defendant's counsel.

Will that non-disclosure of such vital information result in the imposition of totally unwarranted "enhanced" sentences?

In order to grant accord to the Sixth Circuit's holding in *Dunn, supra,* and to avoid the necessity that defendants' legal counsel must take yet another step, in an already technical and complex legal system, I would also reverse on this latter issue.

STEPHENS, C.J., joins.