MODIFIED: AUGUST 24, 2017
RENDERED: APRIL 27, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000597-DG

COMMONWEALTH OF KENTUCKY            APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.          CASE NO. 2014-CA-001467-MR
KENTON CIRCUIT COURT NO. 14-CR-00211

WILLIAM FUGATE            APPELLEE

## OPINION OF THE COURT BY JUSTICE WRIGHT

### REVERSING

William Fugate was arrested for operating a motor vehicle on a DUI-suspended license. Because it was his third such offense in less than three years, the Commonwealth charged him with a Class D felony under the penalty-enhancement provision in KRS 189A.090(2)(c). Fugate challenged this enhancement by collaterally attacking his earlier convictions, arguing that his guilty pleas in those cases were invalid under *Boykin v. Alabama*, 395 U.S. 238 (1969), which requires trial judges to ensure that guilty pleas are made intelligently, knowingly, and voluntarily before accepting them.

The circuit court rejected that challenge on the merits, and Fugate conditionally pleaded guilty, reserving the right to appeal that decision. The

Court of Appeals reversed the trial court's ruling and vacated the judgment of conviction because it viewed the record as lacking sufficient evidence showing that Fugate's past guilty pleas complied with the *Boykin* requirements. Because that court misapplied or ignored controlling precedent from this Court, as explained below, we reverse the Court of Appeals' opinion and reinstate Fugate's conviction.

## I. BACKGROUND

Police arrested Fugate in January 2014 for operating a motor vehicle on a DUI-suspended driver's license. Because he was twice convicted of the same offense in 2012, the Commonwealth charged him under the enhancement provision in KRS 189A.090(2)(c), which makes the third offense committed within 10 years a Class D felony (as opposed to a first-offense Class B misdemeanor under KRS 189A.090(2)(a)).[1]

Fugate moved to suppress the evidence of his two 2012 convictions and bar the Commonwealth from using them to enhance the 2014 offense, and he asked the circuit court to conduct an evidentiary hearing on the motion. In his motion, he claimed that his two guilty pleas in district court[2] were invalid under *Boykin v. Alabama*, 395 U.S. 238 (1969), because the records in those

---

[1] The indictment also included a count of first-degree persistent felony offender, but the Commonwealth later dismissed that charge.

[2] In both cases, Fugate pleaded guilty to first-offense driving on a DUI-suspended license. The Commonwealth charged both as first offenses because their arrest and conviction dates overlapped—in case no. 12-T-6856, he was arrested and arraigned in May 2012 but did not plead guilty until August; in the other case, no. 12-T-7448, he pleaded guilty on the same day of his arrest and arraignment in June 2012.

2

cases contained nothing showing that he was informed of and made a knowing, voluntary, and intelligent waiver of his constitutional rights.[3] Instead, his motion alleged, the audio record of his arraignments and pleas showed that he was not represented by counsel or informed of his right to counsel, did not verbally waive any of his constitutional rights, and did not affirmatively say the word *guilty* in responding to the judge's questioning about whether he wanted to plead guilty. The motion added that, at the time he pleaded guilty in district court, "he did not fully appreciate or understand the constitutional rights which were ended by the entry of his guilty plea."[4] It also asserted that he did not understand his right to consult with an attorney or that the misdemeanor convictions could be used to enhance a future offense to a felony.

The circuit court held a hearing during which it reviewed recordings of the 2012 district-court proceedings. The recordings of those cases showed that the district court recited the constitutional rights and explained briefly the consequences of pleading guilty to all who were present before it took up their individual arraignments. Later, the court reprised portions of that recitation in the course of questioning Fugate about whether he wanted to plead guilty without having counsel appointed. In reciting the constitutional rights, the

---

[3] Those constitutional rights that pleading guilty implicates, as laid out in *Boykin*, are: 1) the privilege against compulsory self-incrimination, 2) the right to trial by jury, and 3) the right to confront one's accusers. 395 U.S. at 243. So a guilty plea is only effective if it included an intelligent and voluntary waiver of those rights.

[4] It actually said, "The Defendant states," before listing what he allegedly did not know or understand about his rights, their waiver, and the significance of pleading guilty. But as the Commonwealth points out, this suppression motion was signed by counsel, not Fugate. Indeed, the record contains no testimony from Fugate himself.

3

judge was mostly, but not completely, comprehensive.[5] Fugate confirmed that he understood what the district court had told him. The Commonwealth also introduced to the circuit court evidence of Fugate's driving record and extensive criminal history. Fugate did not testify.

The circuit court denied the suppression motion. In doing so, it addressed the merits of Fugate's *Boykin* challenge, finding that his earlier pleas were intelligent, knowing, and voluntary under the totality of the circumstances. The court found that the district court's explanations of his rights had been adequate, and that where Fugate may not have explicitly expressed to the district court in those proceedings his understanding of every one of those rights and the significance of waiving them by pleading guilty, his statements and conduct demonstrated as much. In considering the totality of Fugate's particular circumstances—as *Kotas v. Commonwealth*, 565 S.W.2d 445, 447 (Ky. 1978), directs—the circuit court also relied on Fugate's lengthy criminal record as further circumstantial proof that he indeed had understood what his rights were and how pleading guilty would affect them.

Fugate appealed, and the Court of Appeals reversed. The Court of Appeals acknowledged that Fugate's failure to testify seemed to be fatal to his claim in light of this Court's holding in *Conklin v. Commonwealth*, 799 S.W.2d

---

[5] As the Court of Appeals emphasized in reaching its decision, "while the trial court mentioned *some* of a defendant's constitutional rights, he did not recite *all* of them." That court noted that the district court, in one of the cases, failed to mention the right to a jury trial and, in both cases, failed to specify explicitly that entering a guilty plea waived these constitutional rights.

4

582, 584 (Ky. 1990). Yet despite that, the Court of Appeals believed that "to affirm in this case would be disingenuous" because it could not say "with confidence Fugate's pleas . . . were intelligent, knowing, and voluntary." Curiously, the Court of Appeals also declined to reach the Commonwealth's procedural argument that this Court's precedent foreclosed Fugate's collateral *Boykin* attack.

We accepted the Commonwealth's request for review, and now reverse the Court of Appeals and reinstate the circuit court's judgment of conviction.

## II. ANALYSIS

### A. Fugate's district-court convictions were not subject to collateral attack on *Boykin* matters in this case.

Fugate did not appeal his district-court convictions, which became final years ago—instead, he only challenged them once the Commonwealth sought to use them to enhance his offense in this case. So our review of the circuit court's rejection of Fugate's collateral attack on his final convictions is different from that on direct appeal. *See Parke v. Raley*, 506 U.S. 20, 29–30 (1992). In such reviews, we take particular heed of a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Id.* at 29 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

That presumption underlies the rule this Court laid out more than two decades ago: that final convictions offered for enhancement purposes in later proceedings will not generally be subject to collateral attack. *See Webb v.*

5

*Commonwealth*, 904 S.W.2d 226, 229 (Ky. 1995); *McGuire v. Commonwealth*, 885 S.W.2d 931, 937 (Ky. 1994); *see also Riley v. Commonwealth*, 120 S.W.3d 622, 632 (Ky. 2003). Although *Webb* and *McGuire* involved attacks on prior convictions being used for PFO-enhancement purposes under KRS 532.080, we see no reason to treat the enhancement here any differently. As with the PFO statute, KRS 189A.090(2) requires "proof of the *fact* of [prior convictions] and not their underlying validity." *McGuire*, 885 S.W.2d at 937.

That being said, we have also followed the United States Supreme Court's lead in carving out an exception to that general rule. That exception allows for such attacks only if the defendant "claims 'a complete denial of counsel in the prior proceeding.'" *McGuire v. Commonwealth*, 885 S.W.2d at 937 (quoting *Custis v. United States*, 511 U.S. 485, 489 (1994)). But short of claiming a complete denial of counsel, collateral review of final judgments of conviction being used for enhancement purposes in a subsequent proceeding is unavailable.[6]

The Court of Appeals erred when it ignored that controlling precedent to hold that Fugate's prior convictions should be suppressed under *Boykin v. Alabama*, 395 U.S. 238 (1969) (requiring that guilty pleas include an intelligent and voluntary waiver of the constitutional rights to be free of compulsory self-incrimination, to a jury trial, and to confront witnesses). To be sure, despite

---

[6] Fugate points out that this Court has never expressly overruled our past cases allowing these sort of challenges—such as *Commonwealth v. Gadd*, 665 S.W.2d 915 (Ky. 1984), and *Dunn v. Commonwealth*, 703 S.W.2d 874 (Ky. 1985). For the sake of clarity, then, we do so now to the extent they conflict with our holding today.

*McGuire* and *Webb*'s saying it need not, the circuit court entertained Fugate's collateral *Boykin* challenge of his past convictions and rejected it on the merits. In doing so, then, it reached the correct result for the wrong reason. The Court of Appeals' reversal of that result was error. Because that error is reason enough to reverse the Court of Appeals and reinstate the judgment of conviction, we need not address the Commonwealth's other argument that relies on *Conklin v. Commonwealth*, 799 S.W.2d 582 (Ky. 1990).[7]

**B. Fugate's belated "complete denial of counsel" claim does not require suppression.**

As explained above, the circuit court was right to reject Fugate's collateral *Boykin* challenge of his district-court convictions, albeit for a different reason. That challenge is simply not available to him in this case.

Fugate tries to avoid that problem by urging this Court to find that he was completely denied counsel, which is again the one avenue for relief that our cases have left open in these sorts of collateral attacks. *See, e.g., Webb v. Commonwealth*, 904 S.W.2d 226, 229 (Ky. 1995). But in doing so, he runs into another problem: he appears to have made this claim for the first time in his briefing on appeal.

---

[7] The Commonwealth also maintains that the Court of Appeals' opinion flies in the face of what this Court said in *Conklin*—to wit:

> A defendant is not entitled to have a conviction suppressed simply because the record is silent on *Boykin* matters when neither he nor anyone else has testified under oath that the *Boykin* requirements were not explained to him and that he did not understand his constitutional rights before the entry of the plea.

799 S.W.2d at 584.

Although Fugate's initial suppression motion alleged in an offhand manner that he did not have counsel and did not understand his right to counsel, he did so not as a separate substantive ground for relief but, rather, only as one of the several circumstances that he argued entitled him to relief under *Boykin*. His reply to the Commonwealth's response to his suppression motion dispels any doubt about the substance of his allegations. In that reply, he clarified that his "two basic arguments . . . are (1) [he] never actually enter[ed] a plea of 'guilty' and (2) there is absolutely no evidence that [he] made a knowing and voluntary waiver of his [constitutional rights] . . . because the record is silent as to all of [them]." (In making his case to the circuit court during the suppression hearing, defense counsel mimicked these arguments practically verbatim.) The oblique, unsworn allusions to not having counsel or knowing about that right—tossed in to help prop up his principal argument about the record being silent on *Boykin* matters—do not equate with claiming squarely a complete denial of counsel.[8] It appears, instead, that he only advanced the claim as a *post hoc* response to the Commonwealth's raising, as another ground for affirming the trial court, *Webb* and *McGuire*'s foreclosure of his collateral *Boykin* attack.

Fugate only asked the trial court to find that his guilty pleas had not been knowing and voluntary in violation of *Boykin*. He never argued to or

---

[8] Not to mention that those allusions, as even the Court of Appeals recognized, were largely refuted by the district-court records which showed that the court asked Fugate if he wanted counsel appointed, and Fugate turned it down.

asked the trial court to find that he was completely denied counsel. So it comes as no surprise that court never made such a finding, or even considered the issue. Because Appellant failed to properly preserve his argument that he was completely denied counsel, we need not consider his claim any further.

## CONCLUSION

We reverse the Court of Appeals' opinion and reinstate the Kenton Circuit Court's judgment of conviction.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Andy Beshear
Attorney General of Kentucky

Micah Brandon Roberts
Assistant Attorney General

COUNSEL FOR APPELLEE:

Kathleen Kallaher Schmidt
Assistant Public Advocate

# Supreme Court of Kentucky

## 2015-SC-000597-DG

COMMONWEALTH OF KENTUCKY                                    APPELLANT


ON REVIEW FROM COURT OF APPEALS

V.                     CASE NO. 2014-CA-001467-MR

KENTON CIRCUIT COURT NO. 14-CR-00211


WILLIAM FUGATE                                             APPELLEE


### ORDER DENYING PETITION FOR REHEARING AND GRANTING MODIFICATION

This matter is before the Court on the Appellee's petition to modify the Opinion of the Court by Justice Wright, rendered April 27, 2017. The Court having reviewed the record and being otherwise fully and sufficiently advised, ORDERS:

1) The Appellee's petition to modify the Opinion of the Court rendered April 27, 2017 is GRANTED; and

2) The opinion is MODIFIED on its face by substitution of the attached opinion in lieu of the original opinion rendered April 27, 2017. Said modification occurs on pages 7-12 and does not affect the holding.

All sitting. All concur.

ENTERED: August 24, 2017.

_____
CHIEF JUSTICE