RENDERED: DECEMBER 19, 2019
TO BE PUBLISHED

**Supreme Court of Kentucky** FINAL

2018-SC-000190-MR

DATE 3/26/20

RONALD BULLITT, JR.                                                   APPELLANT

V.             ON APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
NOS. 15-CR-003385 AND 17-CR-002971

COMMONWEALTH OF KENTUCKY                      APPELLEE

**OPINION OF THE COURT BY JUSTICE HUGHES**

**AFFIRMING**

Ronald Bullitt, Jr. appeals from a judgment of the Jefferson Circuit Court convicting him of first-degree rape and imposing a twenty-year sentence. The rape sentence was enhanced pursuant to the jury finding Bullitt guilty of being a first-degree persistent felony offender (PFO I), based on an out-of-state statutory rape conviction. Bullitt contends the trial court erred by 1) denying his motion for a directed verdict on the PFO I charge and 2) denying his motion to suppress his statements to police. Finding no error, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2015, a female reported that she was raped and robbed at gunpoint in an alley. The police investigated and collected physical evidence,

including a condom. The victim identified her assailant in a photo array the next day. That identification led to Bullitt's arrest a few days later and his interrogation at the police department, which was videotaped.

Bullitt was indicted later that month for committing first-degree rape, first-degree robbery, first-degree wanton endangerment, and possession of a handgun by a convicted felon. After a four-day trial, a jury found him guilty of first-degree rape, but acquitted him of the robbery and wanton endangerment charges; the Commonwealth dismissed the possession charge. The jury recommended a ten-year sentence for the rape conviction, and after finding Bullitt guilty of being a PFO I, recommended he serve twenty years in prison. The trial court sentenced him accordingly, and this appeal followed. Additional facts pertinent to Bullitt's claims of error are set forth below.

## ANALYSIS

I. **The Commonwealth Introduced Sufficient Evidence to Permit the Jury to Draw a Reasonable Inference that Bullitt Was Previously Convicted of Committing a Sex Crime against a Minor**

Kentucky Revised Statute (KRS) 532.080(1) requires the imposition of an enhanced sentence for a defendant found to be a persistent felony offender. Prior felony convictions from other jurisdictions may serve as the basis for a jury making such a finding. KRS 532.080(2),(3).

A Jefferson County, Kentucky grand jury indicted Bullitt in October 2017 as being a PFO I.[1] The grand jury charged, pertinently:

_____

[1] The PFO I indictment originated under Jefferson County Indictment No. 16CR0126 (Division 12). The Commonwealth provided formal notice of the PFO indictment on the first morning of trial, and orally moved the transfer of the PFO I

2

(1) That on or about the 4th day of October 2010, in Clayton County, Georgia, [Defendant Ronald L. Bullitt, Jr.] appeared in the Superior Court of Clayton County, a court of general jurisdiction, pursuant to Indictment No. 2010CR01513-05, charging him with Statutory Rape, a felony in violation of the Georgia Criminal Codes and that said court convicted and sentenced the defendant to twenty (20) years in the Georgia Department of Corrections; AND

(2) That [Defendant Ronald L. Bullitt, Jr.] was convicted of one or more felony sex crimes against a minor as defined in KRS 17.500.

The Commonwealth presented proof during the penalty phase that in October 2010 Bullitt was convicted in Georgia of committing the felony offense of statutory rape and sentenced to twenty years in prison and that at the time of the offense Bullitt was twenty (20) years old.[2] The Commonwealth did not introduce evidence of the rape victim's age beyond the witness's statement that Bullitt was convicted of statutory rape.

At the close of the Commonwealth's case, Bullitt moved for a directed verdict on the PFO I charge asserting that the Commonwealth failed to prove Bullitt committed a prior sex crime against a minor.[3] The Commonwealth responded that based upon its witness's testimony, relying on certified copies of Bullitt's Georgia conviction, a reasonable juror could find that statutory rape is a felony sex crime against a minor. Bullitt claims the trial court erred by

---

indictment as charged to the instant case in Division 13 for purposes of jury instructions. The PFO I indictment was considered during pretrial negotiations.

[2] The Commonwealth's witness calculated Bullitt's age while testifying. Although the calculation was not exact according to Bullitt's brief, Bullitt did not object or cross-examine the witness. Bullitt's brief states he was nineteen (19) years old at the time of the offense.

[3] Bullitt renewed the motion at the close of all evidence and after distribution of the jury instructions.

3

denying the motion for directed verdict. Our appellate standard of review is clear:

> When considering a motion for a directed verdict, the trial court is required to draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. Only when the evidence is insufficient to induce reasonable jurors to believe beyond a reasonable doubt that defendant is guilty, should a directed verdict be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony. On appellate review, the test of directed verdict is, if under the evidence as whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Smith v. Commonwealth*, 410 S.W.3d 160, 165–66 (Ky. 2013) (citing *Commonwealth v. Benham*, 816 S.W.2d 186, 187-88 (Ky. 1991)) (internal citations and quotation marks omitted).

KRS 532.080(3) provides the elements for proving a defendant is guilty of being a PFO I. Pertinently, a person is guilty of being a PFO I when he stands convicted of committing one or more felony sex crimes against a minor as defined in KRS 17.500 and the previous felony conviction may include

convictions in any other jurisdiction as long as certain conditions are met.[4,5]

As to other jurisdictions, KRS 17.500(8)(c) defines "sex crime" as a "felony

---

[4] KRS 532.080(3) states in full:

A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies, or one (1) or more felony sex crimes against a minor as defined in KRS 17.500, and now stands convicted of any one (1) or more felonies. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:
(a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor; and
(b) That the offender was over the age of eighteen (18) years at the time the offense was committed; and
(c) That the offender:
1. Completed service of the sentence imposed on any of the previous felony convictions within five (5) years prior to the date of the commission of the felony for which he now stands convicted; or
2. Was on probation, parole, post[-]incarceration supervision, conditional discharge, conditional release, furlough, appeal bond, or any other form of legal release from any of the previous felony convictions at the time of commission of the felony for which he now stands convicted; or
3. Was discharged from probation, parole, post[-]incarceration supervision, conditional discharge, conditional release, or any other form of legal release on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted; or
4. Was in custody from the previous felony conviction at the time of commission of the felony for which he now stands convicted; or
5. Had escaped from custody while serving any of the previous felony convictions at the time of commission of the felony for which he now stands convicted.

[5] The Persistent Felony Offender in the First-Degree jury instruction in this case stated in pertinent part:

You will find the defendant, Ronald L. Bullitt, guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

(A) That the defendant was previously convicted of the following felony offense:
(1) Statutory Rape by final judgment of the Superior Court of Clayton County, Georgia, on October 04, 2010 under Indictment No. 2010CR01513-05;

5

offense from another state or a territory where the felony offense is similar to a felony offense specified in [KRS Chapter 510, Sexual Offenses[6]]." Although Bullitt does not challenge the sufficiency of the Commonwealth's proof on any other PFO I element, he argues on appeal that because the Commonwealth failed to prove the age of the child involved in the Georgia statutory rape conviction,[7] it did not establish that the Georgia offense is similar to an applicable Kentucky felony statutory rape offense, and thus his PFO I conviction must be dismissed.

Georgia Code Annotated (Ga. Code Ann.) 16-6-3(a) relevantly provides that a "person commits the [felony] offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and

---

AND

(B) That the defendant's prior conviction was a felony sex crime against a minor.

[6] The felony offense may also be similar to the felony offense specified in KRS 530.020, incest; KRS 530.064(1)(a), unlawful transaction with a minor in the first degree (illegal sexual activity); KRS 531.310, use of a minor in a sexual performance; KRS 531.320, promoting a sexual performance by a minor; or KRS 531.335, possession or viewing of matter portraying a sexual performance by a minor.

[7] The Commonwealth's discovery included the Georgia grand jury's indictment of Bullitt on three counts: statutory rape, aggravated child molestation, and enticing a child. Respectively, the Georgia grand jury charged Bullitt with engaging in sexual intercourse with a person under the age of sixteen years, who was not his spouse, on or about January 31, 2010; committing an immoral or indecent act on or about January 31, 2010, by having carnal knowledge of a twelve-year-old female, a child under the age of sixteen years with the intent to arouse and satisfy his sexual desires, and said act did injure the child; and taking a child under sixteen years of age to his bedroom for the purpose of aggravated child molestation on January 31, 2010. Having found Bullitt guilty of statutory rape, as pled, the Superior Court's Final Disposition sentenced Bullitt for that crime and dismissed the other two charges.

6

not his or her spouse."[8] KRS Chapter 510 contains Kentucky's rape statutes. "[I]t is an element of every offense defined in [KRS Chapter 510] that the sexual act was committed without consent of the victim," KRS 510.020(1), and such lack of consent includes incapacity to consent, KRS 510.020(2)(b). In terms of age, "[a] person is deemed incapable of consent when he or she is: (a) [l]ess than sixteen (16) years old; [or] (b) [s]ixteen (16) or seventeen (17) years old and the actor is at least ten (10) years older than the victim at the time of the sexual act." KRS 510.020(3). Potentially similar felonies to Georgia's statutory rape law are Kentucky's first-, second-, and third-degree rape statutes.[9] In pertinent part, these rape statutes provide that a defendant is guilty of: first-degree rape when he engages in sexual intercourse with a child less than twelve (12) years old, KRS 510.040;[10] second-degree rape when he, being

---

[8] Georgia considers sexual intercourse between certain age teenagers to be a misdemeanor. Ga. Code Ann. 16-6-3(c) provides: "If the victim is at least 14 but less than 16 years of age and the person convicted of statutory rape is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor." KRS 510.140 is Kentucky's misdemeanor sexual misconduct statute. It is "designed primarily to prohibit nonconsensual sexual intercourse or deviate sexual intercourse under two circumstances: when the victim is 14 or 15 and the defendant is less than 21; or when the victim is 12, 13, 14, or 15 and the defendant is less than 18 years of age." KRS 510.140, Commentary.

[9] Although Georgia does not explicitly describe degrees of felony statutory rape, punishment is stricter for a person age twenty-one or older convicted of have sexual intercourse with a victim less than age sixteen. One less than age twenty-one found guilty of felony statutory rape may be sentenced to prison between one (1) and twenty (20) years, but a person age twenty-one or older must be sentenced to prison between ten (10) and twenty (20) years. Ga. Code Ann. 16-6-3(b).

[10] KRS 510.040:
(1) A person is guilty of rape in the first degree when:
    (a) He engages in sexual intercourse with another person by forcible compulsion; or
    (b) He engages in sexual intercourse with another person who is incapable of consent because he:

eighteen (18) years old or more, engages in sexual intercourse with a child less than fourteen (14) years old, KRS 510.050;[11] and third-degree rape when he, being twenty-one (21) years old or more, engages in sexual intercourse with a child less than sixteen (16) years old, KRS 510.060.[12]

Bullitt specifically argues that Georgia's and Kentucky's statutes are not similar because they do not share comparable "age of the child" and "age of the

---

1. Is physically helpless; or
2. Is less than twelve (12) years old.

[11] KRS 510.050:
(1) A person is guilty of rape in the second degree when:
    (a) Being eighteen (18) years old or more, he or she engages in sexual intercourse with another person less than fourteen (14) years old; or
    (b) He or she engages in sexual intercourse with another person who is mentally incapacitated or who is incapable of consent because he or she is an individual with an intellectual disability.

[12] KRS 510.060:
(1) A person is guilty of rape in the third degree when:
    (a) Being twenty-one (21) years old or more, he or she engages in sexual intercourse with another person less than sixteen (16) years old;
    (b) Being at least ten (10) years older than a person who is sixteen (16) or seventeen (17) years old at the time of sexual intercourse, he or she engages in sexual intercourse with the person;
    (c) Being twenty-one (21) years old or more, he or she engages in sexual intercourse with another person less than eighteen (18) years old and for whom he or she provides a foster family home as defined in KRS 600.020;
    (d) Being a person in a position of authority or position of special trust, as defined in KRS 532.045, he or she engages in sexual intercourse with a minor under eighteen (18) years old with whom he or she comes into contact as a result of that position; or
    (e) Being a jailer, or an employee, contractor, vendor, or volunteer of the Department of Corrections, Department of Juvenile Justice, or a detention facility as defined in KRS 520.010, or of an entity under contract with either department or a detention facility for the custody, supervision, evaluation, or treatment of offenders, he or she subjects a person who he or she knows is incarcerated, supervised, evaluated, or treated by the Department of Corrections, Department of Juvenile Justice, detention facility, or contracting entity, to sexual intercourse.

defendant" provisions, and that since Bullitt was nineteen years old at the time of commission of the Georgia offense, Kentucky's third-degree rape statute, wherein the defendant must be a minimum of twenty-one (21) years old, is inapplicable here. Considering KRS 510.060 irrelevant, Bullitt contends that because the Commonwealth did not prove the Georgia victim's age (known only to be less than sixteen years old by the terms of Ga. Code Ann. 16-6-3(a)), the Commonwealth failed to prove that Bullitt was guilty of a crime similar to Kentucky's applicable KRS 510.040 (victim less than age 12) and KRS 510.050 (victim less than age 14), and consequently failed to prove that Bullitt was guilty of a prior felony sex crime against a minor. We disagree.

In *Commonwealth v. Gadd*, 665 S.W.2d 915, 917 (Ky. 1984), this Court observed that the persistent felony offender statute requires that the prosecution prove only the *fact* of a previous conviction beyond a reasonable doubt; it does not require the Commonwealth to affirmatively prove the previous conviction was not obtained by constitutionally impermissible means. *Accord McGuire v. Commonwealth*, 885 S.W.2d 931, 937 (Ky. 1994) ("KRS 532.080(2) and (3) require proof of the *fact* of 'previous felony convictions' and not their underlying validity."). The *Gadd* Court also declared a defendant must file a pretrial motion to challenge the constitutional validity of a prior felony conviction which serves as the basis for a persistent felony offender charge. 665 S.W.2d at 918. Specifically, the Court stated:

> [The challenge to the validity of an earlier conviction] is a preliminary matter which is properly presented by a motion that must be made before trial as in [Kentucky Rule of Criminal

Procedure (RCr)] 8.18. The defendant is apprised of the previous conviction that will be used against him by the face of the indictment. At this point, he should challenge by motion any conviction so appearing if he has evidence that it was obtained by means constitutionally impermissible. The decision to be made is one which is preliminary in nature. The question of some underlying constitutional invalidity should be raised by the defendant and decided before the trial as a threshold issue to the admissibility of the evidence of conviction at the trial itself.

We have since clarified that collateral review of a prior felony conviction serving as the basis for PFO sentence enhancement is only available when a defendant claims a complete denial of counsel in the prior proceeding. *See McGuire*, 885 S.W.2d at 937; *Commonwealth v. Fugate*, 527 S.W.3d 43, 46 (Ky. 2017) (explicitly overruling *Gadd*, 665 S.W.2d 915, and *Dunn v. Commonwealth*, 703 S.W.2d 874 (Ky. 1985), to the extent they allow constitutional validity challenges to a prior conviction beyond the complete denial of counsel claim). However, the procedural requirement of a pretrial motion to challenge the prior conviction remains unchanged. *See* RCr 8.18.

As of 2006, the General Assembly decided that PFO I status may apply to a defendant who has been convicted of committing one or more felony sex crimes against a minor, even if the prior conviction(s) occurred in a foreign jurisdiction. KRS 532.080(3). The General Assembly, however, limited the use of the foreign conviction to crimes which can be deemed similar to a Kentucky crime, particularly those defined in KRS 17.500. *Id.* This amendment to the PFO statute does not change the Commonwealth's burden of proof. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

10

and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Under KRS 532.080(3), proof of Bullitt's prior conviction for committing a felony sex crime against a minor is "an indispensable element of the PFO charge." *Merriweather v. Commonwealth*, 99 S.W.3d 448, 452 (Ky. 2003). However, Bullitt's argument on appeal goes beyond his trial motion for a directed verdict, which simply alleged the Commonwealth failed to prove he was previously convicted of a sex crime with a minor. His appellate argument challenges the validity of comparing his prior sex crime conviction in Georgia to a sex crime in KRS Chapter 510.[13] Bullitt seeks to characterize the question whether his Georgia crime is similar to a Kentucky crime and may be used for purposes of a PFO I charge — a question of law properly addressed by the trial court before trial — as an element of the PFO status to be proved by the Commonwealth during trial.

Because this legal question regarding the admissibility of evidence was not decided by the trial court, it is not properly before this court for review. *Gadd*, 665 S.W.2d at 917. Our review is limited to whether it would be clearly unreasonable for a jury to find Bullitt was previously convicted of a sex crime with a minor. Because a "reasonable inference is sufficient to meet the requirements of the PFO statute," we must determine if the testimony given by

---

[13] We note that based on information provided in discovery, at trial, and in Bullitt's brief, the facts of the Georgia crime, the victim being age twelve and Bullitt being age nineteen, satisfy Kentucky's second-degree rape elements.

11

the Commonwealth's witness — including that Bullitt was convicted of statutory rape and that he was twenty years old at the time he committed the crime — allowed the jury "in accordance with reason or sound thinking and within the bounds of common sense without regard to extremes or excess" to deduce that Bullitt was convicted of a sex crime with a minor. *Martin v. Commonwealth*, 13 S.W.3d 232, 235 (Ky. 1999). The Commonwealth argues that it put forth sufficient evidence from which the jury could infer that Bullitt was convicted in Georgia of a sex crime with a minor and was guilty of being a PFO I. We agree. Various authorities persuade us that the evidence was sufficient.

*Black's Law Dictionary* (11th ed. 2019) defines statutory rape as "[u]nlawful sexual intercourse with a person under the age of consent (as defined by statute), regardless of whether it is against that person's will," and in turn defines age of consent, pertinently, as "[t]he age, [usually] defined by statute as 16 years, at which a person is legally capable of agreeing to . . . sexual intercourse." *Black's* also cites Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 198 (3d ed. 1982), under the statutory rape definition to explain that "[c]arnal knowledge of a child is frequently declared to be rape by statute and where this is true the offense is popularly known as 'statutory rape,'[14]

---

[14] Wayne R. LaFave, *Substantive Criminal Law*, vol. 2, § 17.4(c) (3d ed., Thomson Reuters 2017) (footnotes omitted), summarizes the origin of the "statutory rape" terminology:

> Under early English common law, sexual relations with a child, no matter how young, was not regarded as rape if the child consented. However, an early English statute made it a felony to have carnal

although not so designated in the statute." Unlike Georgia, Kentucky's statutory language does not use the term "statutory rape," but nevertheless, "statutory rape" terminology has been present in our caselaw since at least the early 1900s.[15]

In Kentucky, the age of consent has varied up to eighteen years of age. *See Hodge v. Commonwealth*, 53 S.W.2d 186, 187 (Ky. 1932) ("[T]he amendment of 1922 to section 1155 of the Statutes . . . simply raised the age of consent from sixteen to eighteen years."); KRS 435.100 Carnal knowledge of female child under eighteen with her consent, or of male child under eighteen, repealed effective Jan. 1, 1975; *see also Perkins v. Commonwealth*, 124 S.W. 794, 795 (Ky. 1910) ("Formerly the age of consent was 12 years, but . . . the statute was amended by substituting the word 'sixteen' for 'twelve.'"). However, since 1975, the Kentucky Penal Code has maintained that a minor is statutorily incapable of consensual sexual intercourse if the accused is age

---

knowledge with a child under the age of ten, with or without the child's consent. The rationale was that a child under that age "should be regarded by the law as incapable of giving effective consent." Several states early on enacted similar statutory provisions. However, the English statute was old enough to be encompassed within the common law of the United States, which explains why in early times prosecutions based upon the above rationale were permitted in American states lacking a comparable statute. In either event, this variety of rape came to be known as "statutory rape," apparently because it was originally engrafted onto the common law by statute, and that term is so used even today notwithstanding the fact that now statutes virtually everywhere encompass the totality of the crime of rape.

[15] *See e.g., Smith v. Commonwealth*, 202 S.W. 309, 310 (Ky. 1918) ("This is not a case, therefore, where the commonwealth's evidence tended to show only statutory rape and the accused merely denied the offense.").

twenty-one or over and the minor is less than age sixteen, if the accused is age eighteen or older and the minor is under age fourteen, and if the minor is less than age twelve, the accused's age is immaterial. *See* KRS 510.140, Commentary; KRS 510.040, .050, and .060.[16] The majority of states, like Kentucky, have defined age of consent to be sixteen years old. *See* LaFave, *Substantive Criminal Law*, vol. 2, § 17.4(c) (citing P. Robinson & T. Williams, *Mapping American Criminal Law* ch. 23 (2018), noting there are thirty-three jurisdictions that set the age at sixteen, while seven states have opted for age seventeen and eleven others for age eighteen.). "Statutory rape" is not a new concept in Kentucky, or elsewhere. Although the definition of age of consent may have changed over time, with the Kentucky Penal Code's definitions being in effect since 1975, it is generally understood that one who has committed statutory rape has engaged in sexual intercourse with a minor less than sixteen years old.

A basic legal tenet is that "[e]very person is conclusively presumed to know the law," *Oppenheimer v. Commonwealth*, 202 S.W.2d 373, 375 (Ky. 1947), and we believe it is safe to say that tenet certainly applies to most citizens in the Commonwealth when it comes to awareness of the illegality of an adult having intercourse with a minor less than sixteen years old. So common is the understanding that lay people often use the slang term "jail

_____

[16] KRS 510.060 now provides certain exceptions, primarily involving positions of trust, which render it unlawful to have consensual sexual intercourse with a person between sixteen and less than eighteen years of age. *See supra* n.12.

14

bait" in recognition of statutory rape law. This slang indicates the common understanding that an adult must be aware of the age of a sexual partner because a minor less than sixteen years old may appear older but sexual intercourse with that minor is statutorily prohibited.

In the federal courts, the U.S. Court of Appeals for the Ninth Circuit has also crafted a generic federal definition which reflects the common understanding of statutory rape.[17] This definition is used to determine if a defendant is subject to sentence enhancement under U.S. Sentencing Guidelines when a state has convicted the defendant of statutory rape.[18] In regard to whether statutory rape is a crime of violence, the Ninth Circuit has declared that '[t]he term 'statutory rape' is ordinarily, contemporarily, and

---

[17] *United States. v. Gomez-Mendez*, 486 F.3d 599, 603 n.7 (9th Cir. 2007), describes the Ninth Circuit formulating its definition based specifically on two resources, *Black's Law Dictionary* (8th ed. 2004) and Susan M. Kole, Annotation, *Statute Protecting Minors in a Specified Age Range from Rape or Other Sexual Activity as Applicable to Defendant Minor Within Protected Age Group*, 18 A.L.R. 5th 856, § 2[a] (1994) ("In most states, the elements of statutory sex offenses are simply sexual intercourse or engaging in some other proscribed sexual act with a minor under the age of consent as specified in the statute.").

[18] "Section 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines provides for a sixteen-level sentencing enhancement upon conviction under 8 U.S.C. § 1326, where an alien illegally reentered the United States after having been previously deported subsequent to a conviction for a felony 'crime of violence.'" *United States v. Zamorano-Ponce*, 699 F.3d 1117, 1118 (9th Cir. 2012) (citing *Gomez–Mendez*, 486 F.3d at 599). In order to determine whether the committed state crime is a "crime of violence" which subjects the defendant to the sentencing enhancement, the Ninth Circuit employs the categorical approach crafted in *Taylor v. United States*, 495 U.S. 575 (1990). *Id.* at 1119. Under that approach "[a] state's definition of [the crime] must be compared with the [federal] generic definition of that crime to determine if the defendant's conviction is a crime of violence pursuant to the Sentencing Guidelines." *Id.* (citing *United States v. Rodriguez-Guzman*, 506 F.3d 738, 743-44 (9th Cir. 2007) (first alteration in original) (internal quotation marks omitted)). The Ninth Circuit created the generic federal definition in *Gomez–Mendez* to compare it to California's statutory rape definition.

commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute." *Gomez–Mendez,* 486 F.3d at 603.

In sum, although it is better practice to introduce a minor victim's age into evidence as part of the PFO proof, we conclude that "statutory rape" is commonly understood to be the offense of unlawful sexual intercourse with a minor. Consequently, we find that the jury could reasonably infer from the evidence that Bullitt was convicted in Georgia of committing a sex crime against a minor. The trial court did not err by denying Bullitt's motion for a directed verdict on the PFO charge.

## II. Bullitt's Fifth Amendment Rights Were Not Violated

Police officers interviewed Bullitt about the sexual assault accusation the same day he was arrested. Prior to questioning, Bullitt was read his *Miranda*[19] rights. He then signed a waiver and agreed to talk to the police. Before trial, Bullitt moved to suppress his statements to police alleging that during the course of his interactions with them, he made statements on several occasions invoking his right to remain silent but the police did not honor that invocation.[20] The trial court denied the motion and segments of the videotaped interview were played at trial.

---

[19] *Miranda v. Arizona,* 384 U.S. 436 (1966).

[20] Bullitt also argued that he was subjected to coercive police conduct which resulted in his involuntary statements. The trial court's denial of his motion to suppress based on this ground was not appealed.

Notably, Bullitt did not confess to any crimes during his interrogation. He complains, however, that the violation of his right to remain silent allowed the Commonwealth to use certain of his statements to cast him in a negative light. For example, the Commonwealth played for the jury derogatory statements he made about the victim when shown photos of her. Throughout the interview, Bullitt maintained that he did not rape anyone, did not know the victim, and did not have sex with the victim. However, physical evidence (DNA) indicated that Bullitt had had sex with the victim and the Commonwealth introduced videotaped segments of his denial for impeachment purposes. Bullitt asserts that introduction of the statements obtained after invocation of his constitutional right to remain silent impacted the verdict, and the trial court erred by denying suppression of his statements to police.

The standard of review for a denial of suppression of evidence is generally a two-step process. *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky. 2004). First, the trial court's findings of fact are reviewed under a clearly erroneous standard. *Id.* Second, the trial court's application of the law to the facts is reviewed *de novo*. *Id.* Bullitt only challenges the trial court's conclusion of law and we do not otherwise find any clearly erroneous factual findings. Bullitt identifies two statements which he alleges should have been understood by the interviewing officer as the invocation of Bullitt's right to remain silent. We find neither statement sufficient.

It is well established that a custodial interrogation must cease when a defendant invokes his right against self-incrimination. *See Miranda*, 384 U.S.

17

at 473-74. However, "a suspect must *clearly* articulate his desire [to remain silent] in a manner that a reasonable police officer in the situation would understand that the suspect wished for questioning to cease." *Meskimen v. Commonwealth*, 435 S.W.3d 526, 531 (Ky. 2013). Furthermore, an invocation may be nullified when the defendant initiates further discussion about the incident. *Oregon v. Bradshaw*, 462 U.S. 1039 (1983).

Bullitt alleges that he first invoked his right to remain silent after about twenty minutes of questioning by stating "if I'm going to jail, I'm saying, let's go, you know, that's all I'm saying, sir. I'm innocent, I'm innocent." These statements are similar to those analyzed in *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 33 (Ky. 2011). In *Quisenberry*, Appellant Williams stated, "Y'all just need to go on and take me to jail." *Id.* This Court concluded that even if Williams meant to invoke his right to remain silent, his remarks were far from unambiguous and just as the officer who conducted the interview testified as to his interpretation, Williams's statements could be viewed as a concession that the police might as well take him to jail. *Id.* Bullitt argues that his remarks cannot be interpreted in a like manner.

In this area of the law, the essential question is whether the invocation is clear or ambiguous. As described in *Berghuis v. Thompkins*, 560 U.S. 370, 381–82 (2010), the requirement of an unambiguous invocation provides the interrogating officer necessary guidance as to when the interview must be halted. Bullitt's statement about being taken to jail did not clearly communicate to the officer that he wanted to remain silent or that he did not

18

want to talk with the police. *See id.* at 382. We agree with the trial court that Bullitt's request to be taken to jail, made in the context of expressing frustration with being charged with rape, was not an invocation of the right to remain silent.

The other statement at issue, made after about an hour of questioning, is "I'm done talking . . . whatever y'all got to do, man, y'all do it." On its own, this statement could be viewed as an invocation of the right to remain silent. However, Bullitt on his own volition continued to talk about the case by stating "if I was the rapist . . . ." Consequently, the facts of this case are unlike those in *Buster v. Commonwealth*, 364 S.W.3d 157, 164, 167 (Ky. 2012), in which the officers attempted to persuade the suspect to reconsider her position once the suspect invoked her right to silence, and thereby violated the suspect's right to have questioning halted. Here, after Bullitt stated that he was "done talking," he himself continued talking spontaneously about the case. Under these circumstances, Bullitt again waived his right to remain silent and was subject to further interrogation. *Oregon*, 462 U.S. at 1043. Because Bullitt's Fifth Amendment rights were not violated, the trial court did not err in denying his motion to suppress.

## CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court's judgment is affirmed.

Minton, C.J.; Keller, Lambert, VanMeter, and Wright, JJ., concur. Nickell, J., not sitting.

19

COUNSEL FOR APPELLANT:

Daniel T. Goyette
Louisville Metro Public Defender of Counsel
Office of the Louisville Metro Public Defender

Jazmin P. Smith
Assistant Public Defender
Louisville Metro Public Defender's Office


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Thomas Allen Van De Rostyne
Assistant Attorney General
Office of the Attorney General